PONDER, Justice.
 

 Gloria Zulma Golden, a minor, fifteen years of age, was married to Joseph Anthony Martinez on April 1, 1946, in St. Bernard Parish, Louisiana. Her parents, Joseph P. Golden and Alma Louise Golden, filed a petition in the Juvenile Court for the Parish of Orleans, alleging that they were residents of the Parish of Orleans and that their daughter, Gloria Zulma Golden, was a delinquent child in that she had absented herself from her home and her parents, without their consent, during the period of time beginning Monday April 1 to April 4, 1946, inclusive. She was placed in the Convent of Good Shepherd by order of the Judge of the Juvenile Court. She was de
 
 *350
 
 nied bail pending a hearing on the complaint!
 

 She and her husband, Joseph A. Martinez, applied to this Court for supervisory writs. A rule was issued ordering the Judge of the Juvenile Court to show cause why the relatrix should not be released from custody. The Judge of the Juvenile Court sets forth in his answer to the rule that he refused to release the relatrix on bond for the reason that her marriage was illegal under the provisions of Act 140 of 1934 and that the control of the relatrix remained in her father and mother.
 

 Act 140 of 1934 amended and re-enacted Article 92 of the Revised Civil Code. Article 92 of the' Civil Code, before and after its ■ amendment) did not declare marriages celebrated in contravention of its terms invalid. It is interesting to note that in Articles' 91, 93, 94 and 95 of the Revised Civil Code there is language used specifically indicating that; a marriage. celebrated in contravention of these articles are null. We find no such provision in Article 92 of the Revised Civil Code, as amended. It merely prohibits ministers And magistrates from marrying a female under sixteen years of age. If the lawmakers had intended for the marriage in contravention of the provisions of Article 92 to be one of the in-capacities referred to in Article 113 of the Revised Civil Code as a ground for impeaching or annulling such a marriage, they would have used some language to indicate such intention.
 

 While Article 97 of the Revised Civil Code requires the consent of parents or tutor to the marriage of a minor, it is significant that the code specifically provides in Article 112 that the marriage of the minor contracted without the consent of the father or mother cannot for that cause be annulled. Since Article 112 of the Revised Civil Code specifically states that the marriage cannot be annulled'because of the failure to obtain the consent of the parents and Article 92 of the Revised Civil Code does not declare the marriage of a female under sixteen years of age a nullity, this Court must give effect to the specific provisions of the law contained in Article 112 of the Revised Civil Code, to the effect that the marriage cannot be annulled because of the lack of the consent of the parents.
 

 The relatrix, having the1 status of a wife, is governed by the provisions of the Civil Code relating to husband and wife. She is no longer under the control of her parents. She cannot be deemed a delinquent because she absented herself from her parents’ home in order to live with her husband. At the time that she was charged with being a delinquent and absent from her parents’ home, she was the wife of Joseph A. Martinez and it was not only her right but her duty to live with her husband.
 

 For the reasons assigned, the complaint filed herein is annulled and set aside and the relatrix, Gloria Zulma Golden Martinez, is hereby discharged.