KENNON, Justice.
 

 Relatrix, Louise Davis Priest (age 15, March 26, 1946), and her husband, Sam Priest, are seeking to set aside a judgment of the Juvenile Court of Caddo Parish committing her to the State Industrial School for Girls at Alexandria, La. for an indefinite period.
 

 The judgment of the Juvenile Court is based upon affidavits charging the relatrix with juvenile delinquency “ * * * by being truant from school” and “ * * * continual truancy from school”. The application makes no denial of the truancy
 
 *392
 
 but sets forth that the relatrix, on November 14, 1945, was legally married to Sam Priest and, being emancipated by this marriage, the Juvenile Court was without jurisdiction to consider the affidavit of November 28, 1945, and the subsequent one charging her with violation of the compulsory school attendance law.
 

 The judge of the Juvenile Court, in a well-considered written opinion, overruled the exception to the jurisdiction and the motion to annul, holding that the compulsory school attendance law — Act No. 239 of 1944 — applied to minors up to their sixteenth birthday and that the fact of marriage afforded no exemption therefrom. The judge further noted that although Act No. 83 of 1921, Ex. Sess., relative to the jurisdiction of Juvenile Courts in the State, other than the Parishes of Caddo and Orleans, provided that the word “child" as used in that Act “shall not apply to emancipated minors”, holding that Act No. 30 of 1924 and Act No. 169 of 1944, setting up the Juvenile Courts’ jurisdiction for the Parishes of Caddo and Orleans, respectively, did not except from the jurisdiction of Juvenile Courts in these, two parishes a “child” who hiad become emancipated by marriage.
 

 The sentence against relatrix was imposed under Act No. 239 of 1944, which provides that “ * * * every parent, guardian, or other person * * * having control or charge of any child * * * shall send such child to * * * school”.
 

 Article 379 of the Revised Civil Code provides that a minor upon marriage becomes emancipated.
 

 1 Bouvier’s Law Dictionary, Rawle’s Third Revision, p. 1004, defines “emancipation” as “An act by which a person who was once in the power or under control of another is rendered free.”
 

 The Legislature in Section 8 of Act No. 83 of the Extra Session of 1921 (the general Act creating Juvenile Courts in accordance with the Constitution of 1921) specifically provided that the word “child” whenever used in that Act shall not apply to emancipated minors.
 

 This Court, in State v. Golden, 26 So.2d 837 held that while the' performance of a marriage ceremony by public officials of females between the ages of 14 and 16 is prohibited by law and the public officials who perform such marriage are subject to the penalties provided by the Act, nevertheless, such marriage once performed becomes a valid and legal marriage (if there are no legal impediments other than age), and that the female minor thus married enjoys the status of a wife and has a right to live at the matrimonial domicile of her husband and is no longer under the control of her parents.
 

 The marriage relationship, regard-legs of the age of the persons involved, creates conditions and imposes obligations upon the parties that, are obviously inconsistent with compulsory school attendance
 
 *394
 
 or with either’the husband or wife remaining under the legal control of parents or other persons. Though young, the husband is none the less required to support his wife and family. The wife, in the event there should be a child in the family, could hardly be expected to attend school during the weeks preceding or following its birth.
 

 It might be argued that the relatrix comes within the provisions of Act No. 239 of 1944 on the theory that her husband could be considered as a “ * * * person * * * having control or charge of any child * * Article 2404 of the Revised Civil Code provides that “The husband is the head and master of the partnership or community * * * ” between himself and his wife but this, of course, is primarily a rule for the control of common property. No reasonable man, particularly one who has been married for many years, would contend that the husband, by virtue of the provisions of the above article or any other law, has “control or charge” of his wife in the manner formerly exercised by the parent or guardian.
 

 It is our conclusion that the relatrix is not a “child” in the sense that she is under the care and control of a parent, guardian, or other person within the meaning of the statute under which she has been committed to the State Industrial School for Girls at Alexandria.
 

 The question of whether a minor who is married may be prosecuted under the provisions of Act No. 30 of 1924 as a juvenile delinquent is not before the Court at this time. ' •
 

 The judgment of the Juvenile Court committing relatrix is annulled and the proceedings against her are dismissed.