129 So.2d 796

STATE of Louisiana

v.

Ernest GONZALES.

No. 45427.

April 24, 1961.

Rehearing Denied May 29, 1961.

William B. Morgan, II (of Becker, Morgan & Becker), New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard A. Dowling, Dist. Atty., Joseph A. Fiasconaro, Jr., Asst. Dist. Atty., New Orleans, for appellee.

McCALEB, Justice.

Appellant was charged, tried and convicted in the Juvenile Court for the Parish of Orleans with contributing to the delinquency of a female child in that he enticed, aided and permitted her to perform with him a sexually immoral act, to wit, sexual intercourse, in violation of Article 92 of the Criminal Code (R.S. 14:92(7)). After being sentenced to pay a fine of $500 and serve one year in jail and one year additional in default of payment of the fine, appellant prosecuted this appeal, relying on three of the four bills of exceptions reserved by him during the proceedings for a reversal of his conviction.

The salient facts show that appellant, when first introduced to the girl, a minor, emancipated by marriage, at a bus station, proposed that she have sexual intercourse with him but she declined at that time. However, a few days later, she communicated her assent to his proposition through a friend and the parties repaired to a motel where they engaged in sexual relations. Thereafter, many other acts of intercourse were performed by them and they subsequently lived together as man and wife at a house in Arabi, Louisiana and also at an

apartment in the Fifth Municipal District of New Orleans, commonly called Algiers.

At the time of these sexual relations, the young woman had contracted marriage twice. In September of 1956 she was married to one Chartier at Bay St. Louis, Mississippi, it being stated in the marriage license, which was witnessed by her mother, that she was 15 years of age. Subsequently, on February 8, 1957, she married another man, one Joe Marino, in Tylertown, Mississippi while she was admittedly still married to Chartier and, in the second marriage license, it is stated that she was 16 years of age.

Upon the development of these facts at the trial, appellant moved for a directed verdict as soon as the State had rested and, when the motion was overruled, he reserved Bill of Exceptions No. 2. This motion is founded on two grounds:

(1) That, since the minor was a married woman at the time of the performance of the sexual acts, appellant did not contribute to her delinquency, as she cannot be regarded as a child, within the intendment of R.S. 14:92, even though she was under 17 years of age, and

(2) That the documentary evidence reveals that the girl was over the age of 17 at the time of the performance of the sexual acts and, hence, there has been no violation of the law as it is of the essence of the crime charged that the alleged child be under 17 years of age.

▆▆▆ The second ground upon which appellant's motion is based cannot be reviewed by us because it presents solely an issue of fact over which we are without appellate jurisdiction in criminal cases. See Section 10, of Article 7 of the Constitution and State v. Gatlin (In re Daniel), 241 La. 321, 129 So.2d 4, and authorities there cited. It is only when it is claimed there is no evidence *at all* to prove an essential element of the offense that a question of law is raised which is subject to review.[1]

▆▆▆ Conversely, we think that appellant's other contention is well taken as the girl, being a married woman, is not a child within the purview of the statute under which the prosecution is laid. The pertinent part of R.S. 14:92 reads:

"Contributing to the delinquency of juveniles is the intentional enticing,

---

1. While, as argued by appellant's counsel, the statements of age contained in the marriage certificates filed in evidence, which were given at an unsuspicious time, appear to be highly credible, they are contradicted by the testimony of the girl's mother who stated at the trial that, although there was no written record of her daughter's birth, she was actually born in April 1943. When questioned as to the verity of the ages recited in the marriage certificates, to which she appears as a witness, the mother said that she was in the state of a nervous breakdown at the time she certified to the correctness of those statements and that they were erroneous.

aiding, or permitting, by anyone over the age of seventeen, *of any child under the age of seventeen* to: * * *

"7. Perform any sexually immoral act; or * * *". (Emphasis ours.)

In Louisiana, minors, whether male or female, are emancipated of right by marriage (Article 379, Civil Code) and, when thus emancipated, may act without the assistance of a curator in any act or proceeding (Article 382, Civil Code). The effect of the emancipation by marriage of a female minor is to change her status from that of a child to a married woman, albeit she is still subject to many of the disabilities and incapacities, of which other married women have been relieved by law (see R.S. 9:101, 102 and 103), until she reaches eighteen years of age.

Conformably with the above cited codal provisions, this Court has held on three occasions that the juvenile courts were without jurisdiction of female minors under seventeen emancipated by marriage because, having acquired the status of married women, they were no longer juveniles, or children, within the purview of the Juvenile Court Acts. State v. Golden, 210 La. 347, 26 So.2d 837; State v. Priest, 210 La. 389, 27 So.2d 173 and In re State in Interest of Goodwin, 214 La. 1062, 39 So. 2d 731.

■ In construing the legislative intent in defining the offense of contributing to the delinquency of juveniles, we must do so in the light of Section 3 of the Criminal Code (R.S. 14:3) which declares that the articles thereof " * * * cannot be extended by analogy so as to create crimes not provided for * * *" therein and that all of its provisions are to be given a genuine construction " * * * according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." Accordingly, in ascertaining the scope of R.S. 14:92, it is to be presumed that the Legislature used the word "child" in its ordinary accepted meaning under civil law, that is, a juvenile subject to parental control or guardianship and that it does not include a minor emancipated by marriage. Had it been its design to extend the law to all minors under the age of seventeen, irrespective of their legal status, the lawmaker would have used the word "person" or "anyone" under seventeen instead of "child".

■ When the Criminal Code was incorporated in the Revised Statutes as Title 14, upon their adoption in May, 1950, it was specifically provided in R.S. 13:1570, dealing with juvenile courts generally, and in R.S. 13:1674, pertaining to the Juvenile Court for the Parish of Orleans, that the word "child" as used in the acts defining delinquent, neglected or abandoned children was not to be deemed applicable to emancipated minors. However, by Act 82 of 1950,

which was subsequently adopted at the Regular Session of the Legislature, all of the provisions contained in the original Chapter 6 of Title 13, regulating the manner of conducting proceedings in the juvenile courts, were repealed and a new Chapter 6 substituted therefor. Under the new provisions, the jurisdiction of the juvenile courts was enlarged so as to include therein all persons less than seventeen years of age, regardless of whether they were emancipated by marriage, or otherwise. See R.S. 13:1569. It was by virtue of this statute that we held in State v. Cronin, 220 La. 233, 56 So.2d 242 that the Juvenile Court for the Parish of Orleans had jurisdiction over a fourteen-year old girl charged with delinquency, despite the fact that she was married at the time of the hearing of the case. But that decision does not control the result to be reached here, for the change brought about by the passage of Act 82 of 1950, enlarging the scope of the Juvenile Court's jurisdiction over delinquent or neglected children so as to include therein minors emancipated by marriage, did not also effect a change in the criminal statute under which appellant was prosecuted herein. On the contrary, the statute under consideration has not been amended and the word "child", as used therein, must be attributed the legal meaning of that word at the time the law was passed. See 82 C.J.S. Statutes, § 329, page 638 and the many cases cited in support of the text. The scope of a penal statute may not be enlarged by implication, or changes in social legislation, so as to include acts or persons not provided for therein. R.S. 14:3.

Being of the opinion that R.S. 14:92 does not include within its terms persons under the age of seventeen emancipated by marriage, appellant's motion for a directed verdict was well founded and should have been sustained. In view of this conclusion, it is unnecessary that we consider the other bills of exceptions taken in the case.

The conviction and sentence are annulled and set aside and appellant is ordered discharged.

HAMLIN, J., concurs in the decree.

HAWTHORNE, J., dissents with written reasons.

SANDERS, J., dissents for the reasons assigned by HAWTHORNE, J.

HAWTHORNE, Justice (dissenting).

The majority opinion in this case has concluded that there is merit in appellant's Bill of Exception No. 2 and has concluded that R.S. 14:92 does not include within its terms a person under the age of 17 emancipated by marriage. I have serious doubt that the question of whether the statute includes or does not include a person emancipated by marriage is properly before the court under Bill of Exception No. 2.

This bill as signed by the trial judge re-cited testimony given by the mother of Vera Mae Mitchell, the juvenile involved in the case, to the effect that she had been a witness to her daughter's two marriages and had given and verified the age of her daughter as stated in the marriage license; that according to the ages given in these certificates her daughter was over 17 years old when the offense was committed; that the mother later testified as to a different birthdate of the girl, which would establish that she was under 17 years on the date of the crime. The bill further recited:

"And thereupon the defendant, by his counsel, moved the Court for a directed verdict, the State not having proven the *age* of Vera Mae Mitchell; but the Court overruled the defendant's objection, relied on the testimony of Mrs. Geneva Stinson [the mother] as to her memory on the date of trial as to the birth date of Vera Mae Mitchell, [to] which ruling and decision of the Court the defendant, by his counsel, then and there excepted." (Italics ours.)

It is therefore apparent that the bill as perfected by appellant presents only a question of the sufficiency of the evidence, of which this court is without jurisdiction under Article 7, Section 10, of the Constitution.

Moreover, the bill does not make the contention that a married person is not a child within the meaning of the statute, and I therefore seriously doubt that it was proper for the majority to raise and consider this question, particularly in view of Article 499 of the Code of Criminal Procedure, which specifically provides, among other things, that the bill shall contain the objection. This bill does not give as the ground of the objection the ground upon which the majority has reversed the conviction.

In fairness to the majority, however, I must concede that when counsel orally moved for a directed verdict, he stated that he so moved because the girl involved was not a juvenile but a married woman and for that reason the defendant was not contributing to the delinquency of a juvenile; and I must also concede that when he excepted to the refusal of the judge to order a directed verdict, he reserved a bill of exception and said he was going to make the entire testimony a part of it. In perfecting the bill, however, he failed to do this, and for this reason I do not think we should look to the testimony, which is not a part of the bill, to afford him a ground of objection which he does not urge in the bill itself.

It should be further observed that the trial judge in his per curiam to this bill stated:

" * * * Mr. Morgan urged that the said Vera Mae Mitchell was not a juvenile but a married woman and that ages, as giv-

en on the [marriage] certificates * * * would indicate that she should be over seventeen years of age * * * at the time the alleged offense occurred for which defendant was on trial. * * * "

The judge concluded that there were inaccuracies in the marriage certificates, and accepted the testimony of the mother as the best evidence of the date of the girl's birth. Obviously the judge himself did not consider that this bill raised the question of whether the word "child" in the statute includes a married woman under 17.

However, assuming that the court has properly before it the question of interpreting R.S. 14:92, I cannot agree with the majority that a married person under the age of 17 is not a "child" within the meaning of the statute. To me the statute is clear and free from ambiguity, and there is no reason or necessity for seeking the legislative intent; in fact, the courts are prohibited from doing so when the intent is clear. Had the Legislature intended the statute not to apply to a married person, it could have made its language read "any unmarried child under the age of seventeen", as was done in the carnal knowledge statute, R.S. 14:80, in which the language "unmarried female person" is used.

The purpose of the statute is to protect the health and morals (morals in general and not just sexual morals, as clearly shown by the various subsections of the statute) of juveniles—that is, children under the age of 17; and why the morals and health of such juveniles should not be protected simply because they are married I am unable to say. Of course, if the majority is correct, a married person whether male or female would not come within the provisions of the statute. If a married male of 16 was enticed into committing a sexually immoral act contrary to nature, could it be said that the person so enticing him, if over the age of 17, was not contributing to the juvenile's delinquency? Similarly, if an adult entices a married juvenile under 17, male or female, to associate with known criminals, which is an offense under Subsection 2 of R.S. 14:92, would the fact of the marriage alone relieve the offender from prosecution thereunder?

Appellant argues in brief that if the statute is intended to apply to a married female under 17, the husband of such a person could be charged with violating the provisions of the law. This is not so. The offense is enticing, aiding, or permitting any child under the age of 17 to commit any sexually immoral act, and intercourse between husband and wife is not sexually immoral.

I respectfully dissent.