216 A.2d 884.

Dolores S. O'Connell *vs.* Lawrence J. O'Connell.

FEBRUARY 14, 1966.

Present: Roberts, C. J., Paolino and Joslin, JJ.

Paolino, J. This cause is here on the petitioner's appeal from a decree of the family court denying and dismissing a petition to enforce a property-settlement agreement affecting the support of one of the minor children of the parties.

The narrow issue raised by this appeal is whether the family court had jurisdiction to enforce such agreement.

The mother, of Goshen, New York, is herein referred to as petitioner and the father, of Warwick, Rhode Island, as respondent. They were married in Middletown, New York, in 1948. As a result of marital disagreements they entered into a separation agreement on August 11, 1962 regulating

the custody, support and property rights of the parties and their children. Although four children were born of the union, this proceeding involves only the support of one of them, Maureen Alyce O'Connell, who was born on April 19, 1961. With respect to Maureen the agreement provided as follows:

"The wife shall have custody and control of Marueen [sic] Alyce O'Connell and the husband shall have right of reasonable visitation.

"The husband agreed to pay for the support and maintenance of said Maureen Alyce O'Connell and the wife the sum of Twenty ($20.00) Dollars a week in addition to the payment of hospital, medical and dental bills, for which payment said husband agrees to carry Blue Cross or other insurance."

On April 11, 1963 respondent obtained an absolute divorce from petitioner in the superior court of Richmond County, Georgia. A certified copy of the final decree in that case is in evidence. The August 11, 1962 separation agreement was not made a part of the divorce decree; in fact, no provision was made therein regarding the custody, education, maintenance or support of the minor children of the parties. Sometime after he obtained the Georgia divorce respondent moved to this state. Thereafter several proceedings involving these parties were instituted in the family court of this state. After the hearing of the instant appeal, an order was entered, by agreement of the parties, directing the transmittal from the family court to this court of the entire record in all of the proceedings involving these parties.

One of those proceedings is entitled Dolores O'Connell v. Lawrence O'Connell, docketed FC-R-1656, and was initiated by petitioner in the state of New York under the "Rhode Island Uniform Reciprocal Enforcement of Support Act." It appears therefrom that on April 14, 1964, an order of support was entered by the family court of this

state ordering respondent to pay the sum of $12 weekly for the support of Maureen. No claim is made that respondent has failed to comply with this order.

On September 28, 1964 petitioner filed the instant petition in a proceeding already pending in the family court as FCM-42A-K. It is designated as "Petition To Enforce Property Settlement Agreement" and prays that the family court order respondent "to abide by and perform the promises contained in the aforesaid agreement of August 11, 1962 and pay the sum of $20.00 per week for the support of said minor child." A copy of the agreement is attached to the petition and made a part thereof.

The family court granted respondent's motion to deny and dismiss the petition. It held that it "does not have jurisdiction to enforce the property settlement in said agreement." A decree denying and dismissing the petition for lack of jurisdiction was duly entered. We find no error.

We note at the outset that the authority of the family court to modify its April 14, 1964 order in a proper proceeding is not disputed. The narrow issue raised by petitioner is whether the family court has jurisdiction under the family court act to enforce the property-settlement agreement executed by these parties. The petitioner contends in substance that the act is all embracing with respect to questions affecting children and that the last phrase of G. L. 1956, §8-10-3, as amended, is evidence of a clear legislative intent to vest the family court with authority to enforce a property-settlement agreement involving custody and support of children. That phrase authorizes the family court to hear and determine "custody of children in proceedings, whether or not supported by petitions for divorce or separate maintenance or for relief without commencement of divorce proceedings."

In enacting the family court act the legislature clearly intended to vest the family court with ample jurisdiction,

in matters affecting children, to protect their welfare and the best interests of the state. But its jurisdiction is not unlimited. As this court said only recently: "The family court is a statutory court of special jurisdiction. Its jurisdiction is expressly defined in §8-10-3 of the family court act. The court is vested with exclusive and original jurisdiction over specific matters expressly set forth in such section." *State* v. *Zittel*, 94 R. I. 325, 330. Compare *Rogers* v. *Rogers*, 98 R. I. 263, 201 A.2d 140.

The petition here sought to be enforced is merely a private agreement between spouses; it is not part of any judgment or decree. We find no language in the act expressly conferring upon the family court jurisdiction to enforce private agreements. In the absence of a clear legislative intent to the contrary, such jurisdiction cannot be inferred. See *State* v. *Zittel, supra.* The inclusion in such agreement of provisions affecting custody and support of children does not clothe the family court with jurisdiction which it does not otherwise have. Nor can we say that such an agreement is in aid of any of the matters contemplated by the legislature in the first portion of §8-10-3. See *Rogers* v. *Rogers, supra.*

There is no merit in petitioner's contention that the effect of sustaining the decree of the family court will render the meaning of the last phrase of §8-10-3, as amended, superfluous and will relegate the question of custody and support to the superior court. The legislature expressly set forth in §8-10-2, as amended, in clear and unambiguous language the purposes of the family court act. With respect to children the act, in pertinent part, states: "* * * that each child coming within the jurisdiction of the family court shall receive the care, guidance and control which will conduce to his welfare and the best interests of the state * * *."

In the case at bar the family court had ample authority

in a proper proceeding to hear and determine questions affecting custody and support of Maureen Alyce O'Connell. But it does not follow that such authority is equatable to jurisdiction to enforce an extrajudicial agreement not within the contemplation of the family court act.

This is not a question of form versus substance. The petitioner deliberately narrowed her petition for relief to her request for enforcement of the property-settlement agreement. In this she has failed.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*William R. Goldberg, Ronald R. Gagnon,* for petitioner.

*Greenwald & Santaniello, Martin L. Greenwald, V. James Santaniello,* for respondent.