296 A.2d 28.

STATE *vs.* EDWARD D. McMAHON, SR.

NOVEMBER 3, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J.   A Superior Court jury found the defendant guilty of having committed an assault with a dangerous weapon.   The sole issue being raised in this bill of exceptions is to the denial by the trial justice of the defendant's motion to transfer the case to the Family Court.   The motion was founded on the undisputed fact that the victim of the assault was the defendant's emancipated 18-year-old son, Edward D. McMahon, Jr.

The defendant relies on our holding first announced in *State* v. *Perry,* 103 R. I. 6, 234 A.2d 115 (1967), and re-

peated in *Dutton* v. *Langlois,* 104 R. I. 528, 247 A.2d 86 (1968), where we ruled that jurisdiction to hear and dispose of certain criminal offenses enumerated in G. L. 1956 (1969 Reenactment) §8-10-4 is vested solely in the Family Court. In essence, the particular part of that statute which is relevant to this appeal provides that any case in which a defendant is accused of assaulting his "wife" or "children" shall be referred to the Family Court for "hearing, adjustment, reconciliation, decision and sentence."

The defendant takes a purely biological view of the statute when it speaks of children in that he contends it refers solely to the first generation of offspring no matter what their age or status. We disagree.

It should be pointed out that at no point did the General Assembly, when it enacted P. L. 1961, ch. 73 and thereby established the Family Court, give an all-inclusive definition of the words "child" or "children" which would provide a ready-made answer to the pending issue. Chapter 1 of title 14 deals with the Family Court's jurisdiction of children who come before the court for a variety of purposes such as adoptions or those who are charged with such conduct as "frequenting disreputable places," or being "delinquent," "wayward" or "neglected."[1] Section 14-1-3(c) defines a child as it is used in that chapter as meaning

---

[1] Public Laws 1961, ch. 73, represents a legislative effort to create a tribunal which would deal with all facets of family life. It contains various amendments whereby jurisdiction once exercised by the Superior Court in divorce and related matters was transferred to the new judicial entity and the Juvenile Court was abolished and its jurisdiction conferred on the Family Court. As a result of the various amendments and the efforts to update the General Laws, there are now found two chapters of the General Laws, each of which is specifically designated as "The Family Court Act." They are ch. 10 of title 8 and ch. 1 of title 14.

a person under 18 years of age.[2] The child whose status we seek to ascertain, however, is found in §8-10-4.

Having found no definitive statutory assistance, we will first seek recourse to a well-known ready reference especially helpful in situations such as the one posed by defendant. Our research aid is Webster's Third New International Dictionary (1961). It lists more than one-half dozen definitions of the word "child." Accordingly, it should be clear that the word "children" has a variety of meanings. It may be used to connote blood relationship, denote minority, describe one, who has arrived at a point in life somewhere between infancy and youth or classify a new born human being.

Faced with a problem of statutory construction, we must then turn to P. L. 1961, ch. 73, sec. 1, now §8-10-2, which in part proclaims that, "This chapter shall be liberally construed to the end that families whose unity or well-being is threatened shall be assisted and protected, and restored * * *." It was this express legislative aim to preserve the family unit which prompted us in *Perry* to refer all intrafamilial assaults listed in §8-10-4 to the conciliatory services which the General Assembly envisioned would be found in the Family Court. The mandate for liberal construction, however, does not give us a license to construe §8-10-4 in such a manner as to bring about a ludicrous result.

Consequently, we believe that §8-10-4 mandates that criminal cases involving parental assaults on children should be transferred to the Family Court if the "child" is subject to parental control or guardianship, but not, as in the case at bar, if he is emancipated. *State* v. *Gonzales*, 241 La. 619, 129 So.2d 796 (1961). Here, defendant's son

---

[2]At its past session, the General Assembly lowered the age of majority from 21 to 18. P. L. 1972, ch. 20.

had been maintaining his own home and supporting himself for a period of over two years. The elder McMahon's family unit had become unglued long before the altercation which brought about the Superior Court trial.

Finally, the trial justice placed "children" in its proper context when, in denying the defendant's motion for transfer, he observed that the Legislature never intended that a 60-year-old father who assaulted his 40-year-old married son with a family and a home of his own, would be referred to the Family Court where the loving offices of reconciliation would restore a family unit which was dispersed years ago by the son's marriage.

The defendant's bill of exceptions is denied and dismissed.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.