## 31118. McGREGOR v. McGREGOR.

NICHOLS, Chief Justice.

This is an appeal from an order of the trial court finding the appellant in contempt of court for failure to pay child support in accordance with the divorce decree. The appellant contended in his answer that he was no longer obligated to appellee for child support payments because the child had left the home of the former wife and had been gone for over eight months at the time he ceased

making payments. The appellant also alleged that appellee had concealed the fact that the child had departed her home in order to continue receiving the support payments which she was converting to her own use.

The trial court was correct in its statement that it did not have authority to modify the former decree in a contempt hearing. The court also found that the child had emancipated herself, but concluded that this was not a contingency for termination of support payments provided for in the decree. The agreement made a part of the divorce decree provided in part: "Said monthly child support payments shall . . . continue until said child . . . becomes self-supporting . . ."

Emancipation is defined in 14 Words & Phrases, p. 363 as "an act by which a person who was once in the power or under the control of another is rendered free," citing State v. Priest, 210 La. 389 (27 S2d 173) and on p. 364 as: " 'Emancipation' of a child is the relinquishment by parent of control and authority over child, conferring on him the right to his earnings and terminating parent's legal duty to support child," citing Swenson v. Swenson (Mo.) 227 SW2d 103. A child can be emancipated by acts of either the parent or the child. Marriage, with or without the consent of the parents, emancipates the child. It necessarily follows that if the child has been emancipated that it has also become self-supporting within the meaning of the divorce decree requiring child support payments to the mother. This would be particularly true where, as in this case, the child was 16 at the time she left home, has been gone for over a year, has not been heard from since she left home, and her whereabouts is unknown.

The judgment of the trial court finding the former husband in contempt of court must be reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 7, 1976 — DECIDED JUNE 8, 1976.

*Scott Walters, Jr.,* for appellant.
*Jerry L. Stepp,* for appellee.