CALOGERO, Justice.
We granted writs in this matter to consider whether a sixteen year old defendant’s emancipation by marriage serves to change her status from that of a juvenile to that of an adult so that she may be prosecuted in the criminal courts of this state.
Defendant Dorothy Cobb Dubois was charged by bill of information with “disturbing the peace by being drunk in public” on January 14, 1976. At the time of her arraignment defendant informed the trial court that she was only sixteen years of age, having been born on July 17, 1959, but that she was married. She objected to her arraignment in the Tenth Judicial District *413 Court, sitting as a criminal court,[1] contending that her civil emancipation by marriage did not affect 'her juvenile status and that because of her age she could not be charged and tried as an adult. The trial court overruled her objection. Defendant then entered a plea of not guilty but applied for writs from this Court, which were granted to review the validity of the proceedings.
Under the provisions of the Louisiana Constitution of 1974, the juvenile courts of this state have jurisdiction as provided by law. La.Const. art. 5, § 18 (1974). “Special Juvenile Procedures” are set forth in section 19 of article 5 of the Louisiana Constitution of 1974 which provides as follows:
“Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law. However, by law enacted by two-thirds of the elected members of each house, the legislature may (1) lower the maximum ages of persons to whom juvenile procedures would apply and (2) establish a procedure by which the court of original jurisdiction may waive such special juvenile procedures in order that 'adult procedures would apply in individual cases. (Emphasis added).”
The provision of law which sets out the jurisdiction of the juvenile courts is contained in La.R.S. 13:1570, which states in relevant part as follows:
“Except as otherwise provided herein, the court [juvenile] shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
(5) Who violates any law or ordinance, except a child who, after having become fifteen years of age, is charged with having committed a capital crime, or a crime defined by any law defining attempted aggravated rape; provided that once such a child has been actually charged with a capital crime, armed robbery, or attempted aggravated rape, the district court shall retain jurisdiction over his case, even though the child pleads guilty to, or is convicted of, a lesser included offense; and a plea to, or conviction of, a lesser included offense shall not revest the juvenile court with jurisdiction of such a child.” (Emphasis added).
The issue of whether emancipated minors are subject to the jurisdiction of the juvenile or the criminal courts has had a varied history in this state. The provision in the Louisiana Constitution of 1921 relative to the jurisdiction of the juvenile courts contained the phrase “children under seventeen years of age.” La.Const. art. 7, §§ 52, 96 (1921). Following the adoption of the 1921 Constitution, the legislature passed an act defining the jurisdiction and powers of the juvenile courts and providing that “the word ‘child’ whenever used in this Act, shall not apply to emancipated minors.” La.Acts 1921, Ex.Sess., No. 83, § 8. In 1950, however, this statute excluding emancipated minors from juvenile court jurisdiction, was repealed and replaced by a new Juvenile Courts Act, La.R.S. 13:1561-13:1593, which provided that emancipated minors were subject to the jurisdiction of the juvenile courts. In this new act, “child” was defined as “a person less than seventeen *414 years of age, and no exception shall be made for a child who may be emancipated by marriage or otherwise.” La.Acts 1950, No. 82, § 2. Pursuant to this statutory provision, this Court, in State v. Cronin, 220 La. 233, 56 So.2d 242 (1951), held that a juvenile court had jurisdiction over a fourteen year old girl charged with delinquency, even though she was married at the time.
In 1972, however, the provision was again amended and the language “'and no exception shall be made for a child who may be emancipated by marriage or otherwise” was deleted. Thus the definition of the term “child” no longer contains any reference to the applicability or inapplicability of the Juvenile Courts Act to emancipated minors. La.Act 1972, No. 139, § 1. “Child” is currently defined in La.R.S. 13:1569(3) as amended by La.Acts 1975, No. 738, § 1, as follows:
“ ‘Child’ means a person less than seventeen years of age. The term ‘child’ also means a person over seventeen but who committed an act of delinquency before attaining the age of seventeen years. For the purpose of proceedings arising under R.S. 14:403 relative to abuse or neglect of children, the term ‘child’ shall include persons who have not attained eighteen years of age.” (Emphasis added).
The civil laws of this state, while not speaking in terms of “child” or “juvenile,” do address the issue of minority. Article 37 of the Louisiana Civil Code, as amended by La.Acts 1974, No. 91, § 1, states that “[mjinors are those who have not attained the age of eighteen years.” Under the provisions of Article 379 of the Civil Code, “[t]he minor, whether male or female, is emancipated of right by marriage.” The rights of those emancipated by marriage include the right to appear in court without the assistance of a curator, La.C.C. art. 380; the right to demand an account from his tutor, and a settlement of the tutorship, La.C.C. art. 381; and, with certain limitations, the right and power of administration of his estate. La.C.C. art. 382.
In the instant case, the state contends that since La.R.S. 13:1569 is presently silent on the question of whether juvenile courts have jurisdiction over emancipated minors, the term “child” as used in the Juvenile Courts Act should be read to exclude such individuals. In support of this contention the state relies on State v. Gonzales, 241 La. 619, 129 So.2d 796 (1961). In that case, this Court held that the word “child” as used in the definition of the crime “contributing to the delinquency of juveniles,” La.R.S. 14:92, did not encompass emancipated minors, despite the fact that the statute merely stated “any child under the age of seventeen” without any qualification or exception.[2] In reaching this conclusion, the Court in State v. Gonzales, supra, noted as follows:
“. . . it is to be presumed that the Legislature used the word ‘child’ in its ordinary accepted meaning under civil law, that is, a juvenile subject to parental control or guardianship and that it does not include a minor emancipated by marriage. Had it been its design to extend the law to all minors under the age of seventeen, irrespective of their legal status, the lawmaker would have used the word ‘person’ or ‘anyone’ under seventeen instead of ‘child’.”
State v. Gonzales, supra., however, did not involve the issue of criminal or juvenile jurisdiction with respect to emancipated minors, but rather involved an adult charged with a criminal offense. Thus its holding with respect to the appropriate definition of “child” is not directly pertinent to the question of whether an emancipated minor may be arraigned as an adult or is subject to the exclusive jurisdiction of the juvenile courts.
*415 Defendant in the instant case argues that the concept of emancipation is civil in nature, and is therefore not pertinent to this question. We agree with defendant’s position and hold that the fact that a person under seventeen years of age has the status of an emancipated minor for the purpose of the civil laws of this state does not change his or her status as a juvenile for the purpose of our criminal statutes.
With certain specified exceptions, none of which are applicable in the instant case, the Louisiana Constitution of 1974 provides that “the determination of guilt or innocence, the detention and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures . . ..” (emphasis added). La.Const, art. 5, § 19 (1974). In addition, the Juvenile Courts Act states that the juvenile courts shall have exclusive original jurisdiction in a proceeding “[cjoncerning any child . who violates any law or ordinance. . .”, and defines child as “a person less than seventeen years of age.” La.R.S. 13:1569 (3); 1570A(5). This constitutional and statutory language is clear and free from ambiguity. Thus as the applicable provisions contain no qualification with respect to emancipated minors, no such qualifications will be read in by this Court. Furthermore, the use of the word “person,” rather than the word “child,” in section 19 of article 5 of the Louisiana Constitution of 1974 clearly indicates that the jurisdiction of the juvenile courts was intended to extend to all individuals who are alleged to have committed a crime prior to their seventeenth birthday. See the second sentence in the language from State v. Gonzales, supra., quoted above.
We conclude that defendant’s emancipation by marriage has not changed her juvenile status with respect to the charge filed against her, i. e., “disturbing the peace by being drunk in public.” As she was only sixteen years of age at the time of the commission of the alleged offense, she cannot be properly arraigned and tried in the district court for the Parish of Natchitoches, sitting as a criminal court. Rather the proceedings should be transferred to the court’s juvenile division.
For the reasons assigned, the ruling of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

. In the Parish of Natchitoches, as well as in most of the parishes of this state, the district court has jurisdiction over both civil and criminal matters and, in addition, the judges of the district court are ex officio judges of the juvenile court for that parish. La.R.S. 13 1661.1.

. As a matter of interest, it is noted that the statute involved in State v. Gonzales, supra, was amended the following year to include the language “no exception shall be made for a child who may be emancipated by marriage or otherwise.” La.Acts 1962, No. 394, § 1.