Mattie Lou CABOT

v.

David CABOT.

No. 80–482–Appeal.

Supreme Court of Rhode Island.

April 20, 1982.

Longolucco & Lenihan, F. Thomas Lenihan, Patricia D. Moore, Westerly, for plaintiff.

Adamo & Newman, Edward H. Newman, Westerly, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal brought by the defendant, David Cabot, from a decree of the Family Court giving full faith and credit to a decree of the Massachusetts Probate Court. The decree appealed from ordered the defendant to pay the plaintiff's Massachusetts attorney $15,449 for services rendered in Massachusetts, the plaintiff's Rhode Island attorney $3,500 for services rendered in Rhode Island, and the plaintiff's minor child $150 a week for the child's support.

The plaintiff, Mattie Lou Cabot, was granted a divorce from defendant in Massachusetts on May 16, 1972. The divorce decree was modified on September 21, 1973, and again on November 3, 1977. Among other things, the modified decree provided that defendant should pay $150 per week for the support of the parties' minor children, provide for their medical and dental expenses, and provide for the higher education of each of the children in an amount not to exceed $4,000.

After entry of the divorce decree, defendant remarried and left Massachusetts to reside in Rhode Island with his new spouse. He did not comply with the support provisions of the Massachusetts decree. On March 23, 1978, the Massachusetts Probate Court entered a capias against defendant.

On March 21, 1978, plaintiff filed a petition in the Rhode Island Family Court, seeking to enforce the Massachusetts decree and seeking other relief. On July 27, 1979, after hearings before the Family Court at which both parties were present, the trial justice found that he was required to give full faith and credit to the Massachusetts decree and ordered that defendant make the aforementioned payments.

The threshold question to be determined is whether the Rhode Island Family Court had subject-matter jurisdiction to hear the instant case. The defendant argues that the Family Court did not have subject-matter jurisdiction over plaintiff's petition and, therefore, that its decree and order are invalid. The plaintiff contends that the Family Court had jurisdiction over both parties and, therefore, had the power to give full faith and credit to a decree of divorce and order of support of a sister state.

In order for a judgment of the Family Court to be valid, the court must have jurisdiction over the subject matter as well as over the parties. *Calcagno v. Calcagno*, R.I., 391 A.2d 79 (1978). Indeed, it is well established that subject-matter jurisdiction is an essential and basic requirement in any judicial proceeding, that the issue of whether the court has subject-matter jurisdiction can be raised at any time by the parties or the court sua sponte, and that subject-matter jurisdiction cannot be waived or conferred by the parties' consent. *See Castellucci v. Castellucci*, 116 R.I. 101, 352 A.2d 640 (1976). Thus, we must look to see if the Family Court had jurisdiction over the subject matter of the instant case.

We have consistently stated that the Family Court is a statutory tribunal, and its authority to act must be expressly conferred by G.L. 1956 (1969 Reenactment) § 8–10–3. *Paolino v. Paolino*, R.I., 420 A.2d 830 (1980); *Britt v. Britt*, 119 R.I. 791, 383 A.2d 592 (1978); *O'Connell v. O'Connell*, 100 R.I. 444, 216 A.2d 884 (1966). As a statutory tribunal, the Family Court "lacks general equitable powers and is powerless to act in a given matter unless specific authority therefor can be found in the Family Court Act." *Britt v. Britt*, 119 R.I. at 795, 383 A.2d at 594.

At the time this matter was submitted and considered, § 8–10–3, as amended by P.L. 1977, ch. 89, § 1, conferred upon the Family Court the authority to hear and determine

> "all motions for * * * support * * * of children [and] allowance of counsel and witness fees * * * wherein jurisdiction is acquired by the court by the filing of

petitions for divorce, bed and board and separate maintenance * * *."

It is clear that this section does not allow the Family Court to enforce or to give full faith and credit to a Massachusetts support decree in a proceeding initiated without the filing of the specified petitions. Indeed, we have unequivocally stated that "the statute specifically enables the court to consider motions involving alimony or support only when 'jurisdiction is acquired by the filing of petitions for divorce, bed and board and separate maintenance.'" *Paolino v. Paolino*, R.I., 420 A.2d at 834.[1]

Because the Family Court derives its powers by statute, the court lacks jurisdiction to determine the rights to support of a former spouse absent statutory language expressly granting the court authority to do so. *Abedon v. Abedon*, R.I., 398 A.2d 1137 (1979); *O'Connell v. O'Connell, supra.* Although § 8–10–3 was amended to confer jurisdiction over such matters upon the Family Court, *see* P.L. 1981, ch. 319, § 1, inasmuch as the court lacked jurisdiction when the trial judge heard this dispute and entered his decree, that decree is invalid.[2] *Cf. Paolino v. Paolino*, R.I., 420 A.2d at 834 (jurisdiction of Family Court determined by § 8–10–3 as enacted at time matter was heard and decided); *Abedon v. Abedon*, R.I., 398 A.2d at 1140 (language of statutory grant of jurisdiction in effect at time decree entered controls).

Accordingly, the defendant's appeal is sustained, the decree appealed from is vacated, and the case is remanded to the Family Court with direction to dismiss the petition.

1. We distinguish, of course, motions involving custody of children, which G.L. 1956 (1969 Reenactment) § 8–10–3, as amended by P.L. 1977, ch. 89, § 1, empowers the Family Court to hear and determine "in proceedings, whether or not supported by petitions for divorce or separate maintenance or for relief without commencement of divorce proceedings." *See Paolino v. Paolino*, R.I., 420 A.2d 830, 834 (1980); *McCullough v. Hudspeth*, R.I., 389 A.2d 1242 (1978).

2. Section 15–11–35 of the Reciprocal Enforcement of Support Act, G.L. 1956 (1981 Reenact-

ment), also fails to provide a statutory basis for the trial justice's decree. Although that section became effective on July 1, 1979, a few days before the trial court entered its decree, plaintiff filed her petition to enforce the Massachusetts decree long before the effective date of § 15–11–35 and never amended her petition to state a statutory claim. The trial justice did not purport to rule on the rights of the parties under the Reciprocal Enforcement of Support Act. The plaintiff is, therefore, free to file a new petition to perfect her rights thereunder.