STATE

v.

**Samuel DONATO.**

No. 85–388–C.A.

Supreme Court of Rhode Island.

Oct. 30, 1986.

---

Arlene Violet, Atty. Gen., John E. Farley, Thomas Dickinson, Sp. Asst. Attys. Gen., for plaintiff.

Joseph A. Capineri (Capineri & Crowley), Pawtucket, for defendant.

## OPINION

MURRAY, Justice.

This case is before the court upon the state's motion to certify the following question pursuant to G.L.1956 (1985 Reenactment) § 9–24–27: "Does the Family Court have jurisdiction over the defendant, aged 45 years of age, who is charged with violations of R.I.G.L. § § 11–5–10 and 11–32–5(b) where the alleged victims are 79 and 71 years of age and are the father and mother of the defendant, and the defendant and the alleged victims were not members of the same household on the date of the offense?"

A criminal information was originally filed against defendant, Samuel Donato, in the Providence County Superior Court, charging him with two counts of assaulting an elderly person and with one count of intimidating a witness. The victims of these alleged offenses were defendant's parents. At the time the alleged offenses occurred, the middle-aged defendant was living apart from his parents.

The Superior Court judge transferred the case to the Family Court pursuant to G.L. 1956 (1969 Reenactment) § 8–10–4. The state then moved to certify the jurisdictional question.

The Family Court is a court of limited jurisdiction whose powers are strictly limited to those conferred by the Legislature. *Cabot v. Cabot*, 444 A.2d 845, 846 (R.I.1982); *Paolino v. Paolino*, 420 A.2d 830, 833 (R.I.1980). Section 8–10–4 confers jurisdiction on the Family Court in cases where children assault their parents. Section 8–10–4 specifically provides:

"To said family court shall also be referred for hearing, adjustment, reconciliation, decision and sentence all causes properly brought in said court or appealed from other courts in which the defendant is accused, as provided by the statutes, of * * * assault, assault and battery, or assault with a dangerous weapon, or attempt at such assault, upon the defendant's wife or husband or children, or upon a parent by his child."

"The assaultive conduct described in § 8–10–4 refers to those conditions to which specific reference is made in chapter 5 of title 11, which is entitled 'Assaults.'" *State v. Jalette*, 119 R.I. 614, 617, 382 A.2d 526, 528 (1978). The first two counts of the criminal information in the instant case, assaulting elderly persons, fall within the

classification of criminal conduct enumerated in chapter 5. Consequently, at first glance it appears that Donato is correct in asserting that the Family Court does have jurisdiction to hear this case.

To the contrary, in *State v. McMahon*, 110 R.I. 658, 296 A.2d 28 (1972), we held that "parental assaults on children should be transferred to the Family Court if the 'child' is subject to parental control or guardianship, but not * * * if he is emancipated." *Id.* at 660, 296 A.2d at 30. We reasoned that the legislative purpose of referring all intrafamilial assaults to the Family Court is to "preserve the family unit." *Id.* Finding that defendant and the alleged victim lived apart in *McMahon*, we concluded that the family bond had already been dissolved.

■ Since the reasoning behind the *McMahon* decision is similarly applicable to the instant case, we consider *McMahon* to control the case at bar. The Family Court by converse reasoning does not have jurisdiction in situations in which emancipated children assault their parents.

■ Consequently, the question certified to us is answered in the negative, and the case is remanded to the Family Court with instructions to transfer the case back to the Superior Court.