STATE

v.

Douglas D. KENNEY.

No. 86–44–C.A.

Supreme Court of Rhode Island.

April 2, 1987.

James E. O'Neil, Atty. Gen., Thomas M. Dickinson, Providence, for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Providence, for defendant.

OPINION

FAY, Chief Justice.

This matter is before the court on questions certified to it by a justice of the Family Court pursuant to G.L.1956 (1985 Reenactment) § 9–24–27.

The defendant, Douglas D. Kenney, was charged by information with having committed assault with a dangerous weapon upon his mother in violation of G.L.1956 (1981 Reenactment) § 11–5–2, as amended by P.L.1981, ch. 76, § 1. At the time of the assault Kenney was in his thirties and was living separate and apart from his mother. Kenney was arraigned and subsequently tried by a jury in the Family Court, where he was convicted on the lesser included offense of simple assault. After the jury

verdict, but prior to sentencing, the trial justice, sua sponte, certified the following questions relating to the Family Court's subject-matter jurisdiction to this court.

"(a) DOES THE FAMILY COURT IN A MATTER INVOLVING AN INFORMATION CHARGE OF ASSAULT WITH A DANGEROUS WEAPON UPON A MOTHER BY HER ADULT SON PURSUANT TO G.L.1956 (1981 REENACTMENT) § 11–5–2 HAVE THE REQUISITE SUBJECT MATTER JURISDICTION TO CONDUCT A CRIMINAL TRIAL WHEN THE DEFENDANT/SON SO CHARGED IS AN ADULT?

"(b) ONCE THE FAMILY COURT HAS CONDUCTED A CRIMINAL TRIAL PURSUANT TO G.L.1956 (1981 REENACTMENT) § 14–1–48 ON A CHARGE THAT AN ADULT DEFENDANT/SON ASSAULTED HIS MOTHER WITH A DANGEROUS WEAPON, HIS HANDS AND FEET, MAY IT RETAIN JURISDICTION OVER THE CASE AND PROCEED TO SENTENCE THE DEFENDANT?

"(c) IF THE FAMILY COURT WAS WITHOUT JURISDICTION TO TRY THIS CASE WILL A NEW TRIAL IN ANOTHER COURT VIOLATE DEFENDANT'S RIGHT NOT TO BE PUT IN JEOPARDY TWICE?"

While this case was pending before this court, we rendered our decision in *State v. Donato*, 516 A.2d 880 (R.I.1986).[1] That decision is in part dispositive of the questions presently before the court.

 We stated in *Donato* that "[t]he Family Court * * * does not have jurisdiction in situations in which emancipated children assault their parents." *Id.* at 882. That decision is premised on the fact that the Family Court is a court of limited jurisdiction whose powers are strictly limited to those conferred by the Legislature. *Id.* at 881; *See also Cabot v. Cabot*, 444 A.2d 845, 846 (R.I.1982); *Paolino v. Paolino*, 420 A.2d 830, 833 (R.I.1980).

In enacting G.L.1956 (1969 Reenactment) chapter 10 of title 8, known as the Family Court Act, the Legislature stated that

"[t]his chapter shall be liberally construed to the end that families whose unity or well-being is threatened shall be assisted and protected, and restored, if possible, as secure units of law-abiding members * * *." Section 8–10–2.

Thus we reasoned in *State v. McMahon*, 110 R.I. 658, 296 A.2d 28 (1972), and more recently in *State v. Donato*, 516 A.2d 880 (R.I.1986), that where the family unit has already been dissolved by the emancipation and independence of the children, no jurisdiction is conferred on the Family Court under § 8–10–4 [2] when assaultive conduct occurs between an emancipated child and his or her parent.[3]

Simply stated, § 8–10–4 contains no express language conferring subject-matter jurisdiction upon the Family Court in situations in which assaultive conduct occurs between emancipated children and their parents. As we said in *State v. Zittel*, 94 R.I. 325, 330, 180 A.2d 455, 458 (1962), "[i]n the absence of a clear legislative intent to the contrary, such jurisdiction cannot be inferred." Accordingly, the first question certified to this court must be answered in the negative.

 It follows then that the second question certified to this court must also be

---

1. A motion to consolidate this case with the then-pending *State v. Donato*, 516 A.2d 880 (R.I. 1986) was denied by this court.

2. General Laws 1956 (1969 Reenactment) § 8–10–4 states in relevant part:

"To said family court shall also be referred for hearing, adjustment, reconciliation, decision and sentence all causes properly brought in said court or appealed from other courts in which the defendant is accused, as provided by the statutes * * * of threat to commit a crime or offense against the person or property of the defendant's husband, wife, children, father or mother; assault, assault and battery, or assault with a dangerous weapon, or attempt at such assault, upon the defendant's wife or husband or children, or upon a parent by his child."

3. In *State v. McMahon*, 110 R.I. 658, 296 A.2d 28 (1972), an emancipated adult son was assaulted by his father; in *State v. Donato*, 516 A.2d 880 (R.I.1986), an emancipated adult son assaulted his elderly parents.

answered in the negative. A court having no subject-matter jurisdiction over a case before it could not in any way "retain jurisdiction" over a case for sentencing purposes even though a full trial before a jury has already taken place.

■ Subject-matter jurisdiction,[4] an indispensable ingredient of any judicial proceeding, can be raised by the court sua sponte at any time and can be neither waived nor conferred by consent of the parties. *Paolino v. Paolino,* 420 A.2d at 833. Indeed, "[i]f the court whose decision is challenged lacks jurisdiction, it follows that the decision is without validity even though all parties may have participated therein." *Petition of Loudin,* 101 R.I. 35, 40, 219 A.2d 915, 918 (1966).

Thus, since the Family Court never had jurisdiction over the subject matter of this case, any proceedings before it were void.

■ Similarly, with respect to the third question certified to this court, it is generally accepted that jeopardy does not attach to a judgment void for lack of jurisdiction. *State v. Nardone,* 114 R.I. 363, 367, 334 A.2d 208, 210 (1975); *see also United States v. Ball,* 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300, 302 (1896) (an acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void and therefore no bar to subsequent indictment and trial in a court that has jurisdiction of the offense).

Accordingly, all three questions certified to this court are answered in the negative.

The judgment of conviction is vacated, and the papers of the case are remanded to the Family Court with instructions to transfer the case to Superior Court.

---

**4.** *See George v. Infantolino,* 446 A.2d 757, 759 (R.I.1982) (subject-matter jurisdiction refers only to a court's power to hear and decide a particular case).