PERCY W. GARDNER, Trustee *vs.* CHARLES P. SISSON, Attorney-General.

JANUARY 21, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.   The above entitled cause is a bill in equity in which the complainant trustee named in the second clause of the will of Irving C. Knowles, deceased, late of South Kingstown, is seeking authorization to make application of the income of the trust estate in accordance with the prayer of the bill.   The will was probated July 13, 1925.

The testator in said second clause in substance gave his shares of stock in the Wakefield Trust Company to the complainant in trust to pay the income thereof toward the maintenance of a public library in the village of Wakefield with the provision that if at the time of the testator's death there was no public library in Wakefield the trustee should accumulate said income "until said library should have been established and if the fund   .   .   .   cannot be applied within the legal period" then the income shall be applied

to a charitable object as near to the one named as the trustee in his discretion shall determine.

The bill states that at the testator's death no public library was located in Wakefield and that none has been established since that time. The complainant prays that he may be authorized to apply the income of the trust to the establishment and maintenance of a juvenile library in the Wakefield Grammar School, the use of such library to be restricted to the pupils of that school.

After the filing of the bill in the Superior Court and one week after the return day of the subpœna, without other action being taken in the Superior Court, the cause was certified to this court for determination, upon an order apparently drawn by the complainant. In the order no reference is made to the particular statutory provision in reliance upon which the cause was certified and we know of none which would warrant such action. We assume that it was certified upon the confident assertion of counsel that the bill was one for the construction of a trust will, because the complainant so stated before us. It is clearly not a bill for construction of a testamentary trust or for instructions relative to a will. The terms of the trust are plain and unambiguous.

The Superior Court has exclusive original jurisdiction, except as otherwise provided by law, of suits and proceedings in equity. Section 6, Chapter 323, Gen. Laws 1923. It is clearly within the power of the superior court under its general equity jurisdiction and as specifically conferred by statute to advise and direct trustees as to the prudent management of trust estates and to enter decrees for that purpose without certification of a cause to this court for determination. Chapter 303, Gen. Laws 1923, "Of Trusts."

Furthermore, the sole purpose of this suit is to obtain a decree authorizing a cy pres application of the income of trust property. Exclusive original jurisdiction is given to the Superior Court to make such application of the principal and income of charitable gifts. Section 9, Chapter 303,

Gen. Laws 1923. *City of Providence,* v. *Payne,* 47 R. I. 444, at 455. Nothing appears from the nature of the bill and the relief sought or from the provisions of statute which warranted the immediate certification of the cause to this court for determination.

The papers in the cause are ordered sent back to the Superior Court for further proceedings.

*Ada L. Sawyer, Percy W. Gardner,* for complainant.
*Charles P. Sisson, Attorney-General, pro se.*