STATE (FRANK L. ROBINSON, *Chief of Police*) *vs.*
ROBERT S. ZITTEL.

MAY 2, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This case is before us on certification from the district court of the second judicial district of a question of law of doubt and importance.

It appears from the record that on September 16, 1961 defendant was arraigned in the second district court on a charge of assault upon his son, an infant of tender years. The complaint and warrant alleges that the assault occurred on September 11, 1961. A plea of not guilty was entered for defendant and he was thereupon released on bail.

The record shows that prior to the trial of the case on its merits, a question of law arose whether the family court act, P. L. 1961, chap. 73, which was approved on June 3, 1961, had divested the district court of jurisdiction over the offense with which defendant was charged. The justice of the district court was of the opinion that the question of jurisdiction was of such doubt and importance that it ought to be determined by the supreme court before further proceedings. He therefore certified the following question to this court under G. L. 1956, §9-24-27:

> "Did the enactment of Chapter 73, Public Laws of 1961 vest original jurisdiction of the criminal offenses enumerated in Title 8, Chapter 10, Section 4 as thereby amended, viz. 'of threat to commit a crime or offense against the person or property of the defendant's husband, wife, children, father or mother; assault, assault and battery, or assault with a dangerous weapon, or attempt at such assault, upon the defendant's wife or husband or children or upon a parent by his child' in the Family Court or in the District Court for enumerated misdemeanors?"

The only question before the justice of the district court was whether that court had jurisdiction over the subject matter of the case before it, namely, the offense of assault upon an infant son, which is a misdemeanor under our law. Under our practice that is the only question before us. *Tillinghast* v. *Johnson*, 34 R. I. 136, 139; *Poirier* v. *Quinn*, 83 R. I. 98, 101.

The question is admittedly one of importance because it clearly affects the administration of justice throughout the state. Doubt arose as a result of the enactment of the family court act and the answer thereto depends upon legislative intent. Prior to the enactment of such act the district courts of this state had jurisdiction over the offense of assault by virtue of G. L. 1956, §12-3-1, which reads as follows:

"Offenses triable by district courts.—Every district court shall have jurisdiction and cognizance of all crimes, offenses and misdemeanors, including offenses against town or city ordinances, if no special court exists or is created by charter or law for that purpose, done or committed within the district in which it is established, punishable by a fine not exceeding five hundred dollars ($500) or by imprisonment not exceeding one (1) year, or both, and of all other criminal matters which are or shall be declared specially to be within the jurisdiction of such court by the laws of the state, which shall legally be brought before such court, with power to try, render judgment, pass sentence and award a warrant for execution thereof."

The question presented for our determination is whether, in enacting the family court act, the legislature intended to divest the district courts of such jurisdiction in cases arising from certain offenses involving the family unit, such as the case at bar, and vest exclusive original jurisdiction over such cases in the family court by virtue of the provisions in P. L. 1961, chap. 73, sec. 1, of such act which read as follows:

"8-10-4. Criminal cases referred to family court.— *To said family court shall also be referred for hearing, adjustment, reconciliation, decision and sentence all causes properly brought in said court or appealed from other courts in which the defendant is accused, as provided by the statutes,* of abandonment of his wife or children, or both, leaving them in danger of becoming public charges; of neglect to provide according to his means for his wife or children, or both; of neglect or

refusal of an habitual drunkard to aid in the support of his family; of neglect or refusal by a child over twenty-one years of age to provide for the support and maintenance of his father or mother; *of threat to commit a crime or offense against the person or property of the defendant's husband, wife, children, father or mother; assault, assault and battery, or assault with a dangerous weapon, or attempt at such assault, upon the defendant's wife or husband or children, or upon a parent by his child."* (italics ours)

The defendant has taken no part in these proceedings. However, because the question is of such importance, the attorney general of the state and the town solicitor of the town of Narragansett have aided the court by submitting exhaustive briefs and able and persuasive oral arguments. The substance of their arguments is that in enacting §8-10-4 of the family court act the legislature did not intend to divest the district courts of jurisdiction over the misdemeanors listed in the question certified to this court, merely because such offenses involved the family unit, and vest exclusive original jurisdiction over such offenses in the family court. There is merit in such arguments.

The family court act, as the title clearly indicates, deals exclusively with matters affecting the family unit and the well-being and preservation thereof. In order to accomplish such purposes the legislature established the family court. A careful reading of the act shows that in establishing that court the legislature intended to transfer to it the duty and responsibility of hearing and determining practically all problems and disputes involving the family unit.

In conferring upon such court the powers and jurisdiction required to carry out its duties the legislature found it necessary to transfer to it jurisdiction over various matters which was formerly conferred on other judicial tribunals. A reading of the act shows that in making such transfers and changes the legislature did so by the use of express language explicitly taking away power from other tribunals

and conferring such power on the family court. This was the method it employed in transferring jurisdiction of the superior court over petitions for divorce and related matters to the family court. See G. L. 1956, §8-2-13, as amended by P. L. 1961, chap. 73.

In like manner, in transferring the exclusive original jurisdiction of the juvenile court over certain matters to the family court the legislature used express language. It did not do so by implication. See G. L. 1956, §11-9-9, as amended by P. L. 1961, chap. 73, sec. 4. It may be pertinent to point out that sec. 4 does not include the offense of assault.

We come now to a consideration of the provisions of §8-10-4 of the family court act to determine whether that section contains any language evidencing a legislative intent to divest the district courts of the jurisdiction which was conferred upon them by G. L. 1956, §12-3-1, and to vest the family court with exclusive original jurisdiction over the misdemeanors enumerated in §8-10-4, as listed in the certified question.

In this state original jurisdiction over misdemeanors has been expressly conferred upon the district courts by the legislature. See *State* v. *Heffernan*, 28 R. I. 477, 481. There is nothing in §8-10-4 indicating a legislative intent to divest the district courts of such jurisdiction. Nor does the language of such section evidence an intent to do so by implication. It is our opinion that if the legislature intended to remove from the district courts jurisdiction over the misdemeanors in question, it would have done so explicitly by amending G. L. 1956, §12-3-1.

It follows from what we have stated that §8-10-4 does not confer exclusive original jurisdiction in the family court over such misdemeanors. The question remains, however, whether the legislature intended to vest in such court concurrent *original* jurisdiction over the offenses in question. We answer that question in the negative.

330

The family court is a statutory court of special jurisdiction. Its jurisdiction is expressly defined in §8-10-3 of the family court act. The court is vested with exclusive and original jurisdiction over specific matters expressly set forth in such section.

Section 8-10-4 relates to criminal cases referable thereunder to the family court. It provides that "all causes properly brought in said court *or appealed from other courts in which the defendant is accused, as provided by the statutes,*" of specific offenses therein set forth shall also be referred to the family court for hearing and disposition. (italics ours) With respect to the misdemeanors therein listed as enumerated in the question certified by the justice of the second district court it is our opinion that the legislature intended to confer on the family court only intermediate appellate jurisdiction, with power to hear and determine such cases in accordance with the provisions of the act and subject to appeal to this court.

Section 8-10-4 contains no language expressly conferring upon the family court original jurisdiction over such misdemeanors. In the absence of a clear legislative intent to the contrary, such jurisdiction cannot be inferred.

It is therefore our opinion that the district court of the second judicial district has original jurisdiction over the offense with which the defendant is charged.

The papers in the case are ordered returned to the district court of the second judicial district for further proceedings in accordance with this opinion.

*Domenic A. DiSandro, Jr.,* Town Solicitor for the Town of Narragansett.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel for State.