Jesse Rogers *vs.* Phyllis Kay Rogers.

JUNE 4, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This is a petition for a writ of certiorari to the family court to certify and to send to this court a full and complete transcript and all papers constituting the records upon which the decision of that court filed on February 11, 1964 in divorce No. FC-32A-P, entitled Phyllis Kay Rogers v. Jesse Rogers, was rendered to the end that it may be quashed as being beyond the jurisdiction of the family court. We issued the writ, and in compliance therewith the records were duly certified.

It appears that Phyllis Kay Rogers filed a petition for an absolute divorce in the family court and coincidentally therewith a motion for an allowance and other relief pendente lite. After hearing on that motion an interlocutory decree was entered awarding her temporary custody and a sum for the support of the minor children as well as for herself. Thereafter she moved for a modification of that decree alleging a change of circumstances, and also filed a motion for an accounting averring that she and her husband jointly own a motel in New Hampshire and praying that he render an accounting of the preceding season's profits at the motel and be ordered to turn over to her a proportionate share thereof. Both motions were heard together by a justice of the family court who in a written decision expressly refrained from making an order on the motion for a modification, decided that it was within his jurisdiction to order an accounting, and "set the case down for further hearing."

Thereupon Jesse Rogers, respondent in the divorce action and petitioner here, applied to this court for certiorari whereupon Phyllis Kay Rogers, petitioner in the divorce proceedings and respondent here, moved to dismiss the petition for a writ of certiorari which motion was denied without prejudice, however, to her right to a later determination thereof. Jesse Rogers is hereinafter referred to as petitioner and Phyllis Kay Rogers as respondent.

At the outset we note that the petition herein was filed subsequent to the decision of the trial justice, but prior to the entry of a decree thereon. Proceedings in divorce in this state follow the course of equity to the extent that the same is applicable, and in divorce causes just as in those in equity a decision of the court such as we here review should be embodied in a decree. *Scolardi* v. *Scolardi,* 42 R. I. 456. Because equity speaks only through decrees, it is only after the entry thereof that a cause in equity can come to this court for consideration. *Tabor* v. *Tabor,* 73 R. I. 491, 496. Mindful as we are of these well-settled principles, when we ordered the writ to issue we construed, and we do now construe, the decision of the family court as though it were an interlocutory decree ordering an accounting between the parties. See *Rivard* v. *Rivard,* 70 R. I. 305.

We now come to the question of the motion to dismiss. This court has long recognized certiorari as an appropriate remedy through which to exercise its supervisory jurisdiction to review actions taken by inferior tribunals without or in excess of jurisdiction and since the adoption of art. XII, sec. 1, of amendments to our state constitution, and the enactment of sec. 2 of the Court & Practice Act of 1905, now G. L. 1956, §8-1-2, to exercise its appellate and revisory jurisdiction in review of actions of such tribunals taken in the exercise of their jurisdiction. *White* v. *White,* 70 R. I. 48; *State* v. *Coleman,* 58 R. I. 6.

Ordinarily, as urged by respondent in her motion to dismiss, we do not grant certiorari where the movant has an-

other adequate remedy whereby his rights can be determined by this court, or where the petition seeks a review of an interlocutory decision, or where to grant certiorari will result in bringing a matter before us in piecemeal fashion. This does not mean, however, that we will not depart from what is customary and usual if there are unusual or exceptional circumstances. *Conte* v. *Roberts,* 58 R. I. 353.

Here the decision of the trial justice is sweeping and all embracing. He asserts exclusive jurisdiction in the family court not only "over all matters concerning a family unit, whether it relates to the trouble in the family, property, real and personal, and/or intangible," but also authority in that court as between husband and wife "to partition real estate, appoint receivers, reach the interest in trust fund estates, and order an accounting * * *." The questions of jurisdiction thus raised are of paramount importance. They relate to the nature of judicial administration where the family unit is involved; and they raise fundamental issues as to the respective jurisdictions of the family and the superior courts.

Our immediate concern, however, is not with the family court's claim to an all-inclusive jurisdiction over matters affecting the family unit, but with its power to order an equity accounting That is a question of first impression. In the proceedings before the family court its determination was of such doubt and importance and so affected the merits of the controversy that the certification procedures provided by G. L. 1956, §9-24-27, might have been appropriate. That was the procedure adopted in *State* v. *Zittel,* 94 R. I. 325, 180 A.2d 455, where at issue was a possible conflict in the respective jurisdictions of the family and the district courts. That the certification procedure was not availed of here in no way detracts from the significance of the issue raised or from the necessity for securing a prompt resolution thereof.

In our opinion the circumstances here present are so unusual and exceptional that they constitute sufficient warrant for us to exercise our discretion to review this interlocutory decree.

The parties are at issue on the purpose for which the family court may inquire into the business carried on by petitioner and the profits derived by him therefrom. They do not differ on that court's authority to explore fully those questions if the purpose thereof is confined to a consideration of the motion to modify and a consequent determination of whether there had been a change in petitioner's circumstances. They have contrary views, however, when such inquiry partakes of what has long been considered to be exclusively within the domain of a court of equity and is directed toward ordering petitioner to account for the conduct of a business and the profits derived therefrom.

The grant of authority upon which respondent premises her contention as to existence of the expanded jurisdiction is G. L. 1956, §8-10-3, as amended, which in pertinent part provides:

> "There is hereby established a family court * * * to hear and determine all petitions for divorce from the bond of marriage and from bed and board; all motions for allowance, alimony, support and custody of children, * * * and other matters *including all petitions and motions relative to real and personal property in aid thereof* affecting the parties and children wherein jurisdiction is acquired by the court by the filing of such petitions for divorce * * *." (italics ours)

In *State* v. *Zittel, supra,* we recognized a legislative intent to make the family court responsible for "hearing and determining practically all problems and disputes involving the family unit." That we did not there find a legislative intent to bestow upon it "jurisdiction over the family unit, completely," as claimed in the decision of the trial justice, is evinced by our having determined that the family court was a statutory tribunal having only such jurisdiction as

was by the family court act explicitly transferred to it from other courts. Moreover, as this court said in *White* v. *White, supra,* the fact that divorce follows the course of equity "does not enlarge" its jurisdiction. It necessarily follows therefore that the power to act over the subject-matter of respondent's petition, if it exists, must be contained within the family court act. If it cannot be found there, the court was powerless to act as it did. *White* v. *White, supra,* at page 54.

The respondent finds that power in the language of the statute which gives the court the power to hear and determine "all petitions and motions relative to real and personal property in aid thereof." We do not reach the same conclusion. The controlling statute as well as the portion thereof relied upon must each be read in its entirety and when we do so the words "in aid thereof," which were not included without intention that they have meaning, *Carlson* v. *McLyman,* 77 R. I. 177, assume considerable import.

Prior to the enactment of the family court act, jurisdiction in divorce was exercised by the superior court and later by justices thereof assigned to sit in the domestic relations court. The jurisdiction exercised by those courts over the real and personal property of the parties was ancillary to the proceedings in divorce and was employed to effectuate orders for support and alimony as well as to protect the rights of the wife and children in the estate of the husband and father. We know of no instance, nor has any been called to our attention, where the courts of this state or those elsewhere in divorce proceedings have exercised jurisdiction to order an equity accounting between the parties.

In *Warren* v. *Warren,* 36 R. I. 167, we recognized this power which existed in aid of the superior court when it sat in divorce. There we approved decrees of the superior court which first by injunction and then by the appointment of a receiver protected the interests of a wife in a divorce case in circumstances where there was a serious danger

that the husband was dissipating his property, or conveying or concealing it. Those injunction and receivership proceedings were in aid of the court's jurisdiction in divorce; they were not separate proceedings by which a wife asserted rights in her husband's estate.

In providing that the family court could hear and determine motions and petitions relative to real and personal property in divorce proceedings, the legislature conferred extensive power upon it, but that power was not without limitation. It was intended thereby to remove all question as to the power of that court to take necessary steps in aid of its divorce jurisdiction to the end that the wife and children might be awarded appropriate amounts for alimony and support and that the estate of the husband could be secured for the performance of any such award. No more was intended than to make its authority over real and personal property coextensive with what had formerly been the power of the domestic relations court and to transfer to it those authorities over such property as had formerly been exercised by that court as an adjunct to its divorce jurisdiction. It is only by so construing §8-10-3, and particularly the portion thereof which we have italicized, that the words "in aid thereof" take meaning.

For us to reach a contrary conclusion would create an anomalous situation wherein the family court would have jurisdiction over equity accountings between spouses if there was a pending divorce proceeding, and the superior court over such proceedings if no petition for divorce had been filed. Such a situation would to some extent enable a party to select the tribunal which would hear and determine a suit for an accounting, since the jurisdiction of the family court could be invoked by first commencing divorce proceedings in that court or that of the superior court by refraining from filing a petition for divorce. It would leave unanswered the question of whether there should be a removal, dismissal or retention by the superior court of a bill

in equity for an accounting between spouses filed but undetermined at the time of the commencement of divorce proceedings. It would also leave unresolved the action requested of the family court on a motion for an accounting filed in a pending divorce proceeding which was thereafter and prior to a disposition of the motion dismissed voluntarily or otherwise. We cannot believe that the legislature intended such a result.

The petition for certiorari is granted, the decision of the family court is quashed, and the records certified to this court are ordered returned to the family court with our decision endorsed thereon.

*Edwards & Angell, Gerald W. Harrington,* for petitioner.

*Dick & Carty, Joseph E. Marran, Jr.,* for respondent.