**346 A.2d 123.**

BARBARA M. GLODIS *vs.* THOMAS P. GLODIS.

OCTOBER 30, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. Longstanding practice in domestic relations matters permits collection of accrued but unpaid installments of alimony or child support orders by contempt proceedings, issuance of an execution for failure to comply with the decree of court, or an action at law as upon a judgment. *Shaw* v. *Shaw,* 81 R. I. 487, 490-91, 104 A.2d 754, 756 (1954); *Reynolds* v. *Reynolds,* 53 R. I. 326, 329, 166 A. 686, 688 (1933); *Boyden* v. *Boyden,* 50 R. I. 326, 330, 147 A. 621, 622 (1929); *Grattage* v. *Superior Court,* 42 R. I. 546, 548, 109 A. 86, 87 (1920); *Wagner* v. *Wagner,* 26 R. I. 27, 30, 57 A. 1058, 1059 (1904). The Family Court is a statutory tribunal whose jurisdiction is limited to that explicitly transferred to it from other courts. *Rogers* v. *Rogers,* 98 R. I. 263, 267-68, 201 A.2d 140, 143 (1964). Nothing in the legislation fixing the Family Court's jurisdiction, G. L. 1956 (1969 Reenactment) §8-10-3, as amended, or elsewhere in the statutes, grants that court coextensive authority with the Superior Court to entertain an action at law upon a judgment. Hence, the Superior Court was not trespassing upon the Family Court's jurisdiction in rejecting the defendant-husband's contention that an action at law to collect a child support order is cognizable only in the Family Court, and in granting the plaintiff-wife's motion for summary judgment for the unpaid installments which had accrued under that order.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remitted to the Superior Court for further proceedings.

*Kirshenbaum & Kirshenbaum, Albert John Mainelli,* for plaintiff.

*James Cardono,* for defendant.