356 A.2d 487.

FLORENCE T. CONCANNON *vs.* RICHARD CONCANNON *et al.*

MAY 3, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

324

Doris, J. This is a petition for a writ of certiorari which seeks to review a decision of a Family Court justice denying a motion by the respondent to dismiss for lack of jurisdiction a petition by the petitioner seeking a determination of the amount to be paid for the support of the minor children, and ordering the trustee under the will of the deceased mother of the respondent to make support payments from funds of a trust set up under the will.

We ordered the writ issued and stayed all further proceedings in the Family Court pending our decision. Pursuant to the writ, the Family Court records were duly certified to this court for our examination.

It appears from the record that on March 27, 1972, Alice

M. Concannon, mother of Richard Concannon, respondent, executed a will under the terms of which she left the residue of her estate in trust to Industrial National Bank of Rhode Island, third-party respondent in Family Court and petitioner before this court (hereinafter sometimes referred to as trustee). By the terms of the trust, the trustee was directed to pay the net income from the trust to testatrix's son Richard Concannon. The trustee was also authorized in its sole and uncontrolled discretion to make payments out of the principal to or for the benefit of Richard and the children of Richard. Alice M. Concannon died April 14, 1972. The will was duly probated and a final account was allowed on March 22, 1973, in the Probate Court of the town of Johnston. Since that time Industrial National Bank of Rhode Island has acted as trustee under the terms of an express trust contained in the will of decedent Alice M. Concannon.

On December 7, 1972, a final decree was entered in Family Court granting Florence Concannon a divorce from Richard Concannon and awarding her custody of the minor children and other relief. The respondent, Richard Concannon, was ordered to make support payments for the benefit of the minor children.

On or about July 25, 1973, Florence T. Concannon requested the trustee to make payments out of the principal or income of the trust fund for support of the minor children. The trustee declined to make such payment out of the fund.

On September 25, 1973, Florence T. Concannon filed a petition in Family Court joining Richard Concannon and Industrial National Bank of Rhode Island, in its capacity as trustee under the will of Alice M. Concannon, as respondents. The petition sought an order determining what the trustee should pay for support of the minor children out of income and/or principal of the trust fund. The

trustee filed a special appearance to contest jurisdiction of the Family Court. After oral argument and submission of memoranda of law by counsel, the Family Court justice made the following findings:

1. That the trustee was subject to the jurisdiction of the Family Court under the provisions of G. L. 1956 (1969 Reenactment) §8-10-3.
2. That it was the intention of the testatrix to provide support for the minor children of Richard from the principal of the trust fund.
3. That the trustee had abused its discretion by not making payments from the principal of the trust fund for the benefit of the minor children.

On these findings, the trial justice concluded that the Family Court had jurisdiction over the trustee and denied the trustee's motion to dismiss the petition for lack of jurisdiction, but to date, a decree implementing his decision has not been entered in Family Court.

The petitioner first argues that certiorari should not lie because the trustee has a remedy by the usual appellate process, and further that since no decree has been entered, granting of certiorari would be premature. She further argues that, in any event, the trustee seeks a review of an interlocutory order and that the granting of certiorari would result in bringing the matter before this court in piecemeal fashion contrary to the usual rule.

It is true, as set forth earlier, that no decree has been entered implementing the decision of the trial justice denying the trustee's motion to dismiss for lack of jurisdiction. However, in the circumstances, we will construe the decision of the trial justice as a decree as we did in *Rogers* v. *Rogers,* 98 R. I. 263, 201 A.2d 140 (1964).

Ordinarily certiorari does not lie where another adequate remedy is available whereby the applicant's rights can be reviewed and determined by this court, nor where the applicant seeks a review of an interlocutory order nor

where to grant certiorari would result in bringing a matter before us in piecemeal fashion. This is the rule which has been followed for many years, except where it is shown that unusual hardship or exceptional circumstances would void the benefits of an otherwise adequate remedy at law. *Barletta* v. *Kilvert*, 111 R. I. 485, 304 A.2d 353 (1973); *Shiller & Schwerin* v. *Gemma*, 106 R. I. 163, 256 A.2d 487 (1969); *Rogers* v. *Rogers, supra.*

Here, the decision of the trial justice asserts that the Family court has jurisdiction over a trustee under the will of the mother of a party to a divorce proceeding in that court. The trial justice further asserts that the Family Court has jurisdiction to interpret the terms of the trust set up by the will. The trustee avers that the jurisdiction asserted by the trial justice is exclusively in the Superior Court. The jurisdictional question thus raised is of prime importance as it relates to a determination of the rights affecting members of a family unit and as it raises the issue of jurisdiction of the Family and Superior Courts.

In our opinion, the circumstances are of such an unusual and exceptional nature, in addition to being one of first impression, so as to warrant us to exercise our discretion to review by certiorari the decision of the justice of the Family Court.

The sole issue raised by the trustee for our determination is whether the Family Court has jurisdiction over a trustee under the will of a person, not a party but related to one of the parties in the original divorce proceeding and to interpret the provisions of the will of the decedent. The trustee concedes that it is subject to judicial review of its fiduciary actions and that the will under which it acts is subject to judicial interpretation and review. It argues, however, that such judicial interpretation and review is an equitable matter and as such is vested in the

328

Superior Court under the provisions of §8-2-13,[1] and concludes that the Family Court lacks jurisdiction to join the trustee as a third party respondent and to interpret the language of an express written trust. In the instant case, we are concerned with an express trust[2] set up under a will. The trustee contends that it acts in its fiduciary capacity under the terms of such express trust.

The Superior Court has exclusive original jurisdiction, except as otherwise provided by law, of suits and proceedings in equity and it is within the power of that court to advise and direct trustees as to the management of trust estates and to enter decrees for that purpose. *Gardner* v. *Sisson,* 49 R. I. 504, 144 A. 669 (1929).

The Family Court is a statutory court of special jurisdiction. Its jurisdiction is expressly defined in §8-10-3. The court is vested with exclusive and original jurisdiction over specific matters expressly set forth in §8-10-3. *State* v. *Zittel,* 94 R. I. 325, 180 A.2d 455 (1962).

When jurisdiction is transferred by the Legislature from another tribunal to Family Court, such transfer is accomplished by use of express language explicitly taking

---

[1]General Laws 1956 (1969 Reenactment) §8-2-13 reads as follows:

"Exclusive jurisdiction of superior court.—The superior court shall, except as otherwise provided by law, have exclusive original jurisdiction of suits and proceedings of an equitable character and of statutory proceedings following the course of equity. If an action is brought in the superior court which represents an attempt in good faith to invoke the jurisdiction conferred by this section, the superior court shall have jurisdiction of all other actions arising out of the same transaction or occurrence, provided such other actions are joined with the action so brought or are subsequently made a part thereof under applicable procedural rules, and the court may retain jurisdiction over such other actions even though the initial action fails for want of equity jurisdiction."

[2]Express trusts are those which are created by the direct and positive acts of the parties, by some writing, or deed, or will, or by words either expressly or impliedly evincing an intention to create a trust. 89 C.J.S. *Trusts* §11 (1955).

power from another tribunal and conferring such power on the Family Court. In like manner in transferring the exclusive original jurisdiction of the juvenile court over certain matters to the Family Court, the Legislature used express language. It did not do so by implication. *State v. Zittel, supra.*

Section 8-10-3[3] contains no language expressly conferring on the Family Court either original or concurrent juris-

---

[3]General Laws 1956 (1969 Reenactment) §8-10-3, as amended, reads as follows:

"Establishment of court—Jurisdiction—Seal—Oaths.—There is hereby established a family court, consisting of a chief judge and six (6) associate justices, to hear and determine all petitions for divorce from the bond of marriage and from bed and board; all motions for allowance, alimony, support and custody of children, allowance of counsel and witness fees, and other matters arising out of petitions and motions relative to real and personal property in aid thereof, including, but not limited to, partitions. accountings, receiverships, sequestration of assets, resulting and constructive trust, impressions of trust, and such other equitable matters arising out of the family relationship, wherein jurisdiction is acquired by the court by the filing of petitions for divorce, bed and board and separate maintenance; complaints for support of parents and children; those matters relating to delinquent, wayward, dependent, neglected or mentally defective or mentally disordered children; adoption of children under eighteen (18) years of age; paternity of children born out of wedlock and provision for the support and disposition of such children or their mothers; child marriages; those matters referred to the court in accordance with the provisions of §14-1-28; those matters relating to adults who shall be involved with paternity of children born out of wedlock; responsibility for or contributing to the delinquency, waywardness or neglect of children under sixteen (16) years of age; desertion, abandonment or failure to provide subsistence for any children dependent upon such adults for support; neglect to send any child to school as required by law; bastardy proceedings, and custody of children in proceedings, whether or not supported by petitions for divorce or separate maintenance or for relief without commencement of divorce proceedings.

"The family court shall be a court of record and shall have a seal which shall contain such words and device as the court shall adopt. The judges and clerk of the family court shall have power to administer oaths and affirmations."

diction over express trusts. In the absence of a clear legislative intent to the contrary, such jurisdiction cannot be inferred.

The Legislature by P. L. 1972, ch. 30, §1 amended §8-10-3, and among other things specifically conferred jurisdiction on the Family Court over resulting and constructive trusts and the impression of trusts in domestic relations cases wherein jurisdiction is acquired by the court by the filing of petitions for divorce, bed and board and separate maintenance. The petitioner, however, urges that since §8-10-3 gives the Family Court jurisdiction over resulting and constructive trusts and impression of trusts that the Legislature obviously meant to include jurisdiction over express trusts. We note, however, there is no mention of express trusts either testamentary or inter vivos in §8-10-3. It is therefore clear to us that the Legislature did not intend by the language used to broaden the Family Court's jurisdiction to encompass express trusts, the jurisdiction of which has been exclusively in the Superior Court. General Laws 1956 (1969 Reenactment) §8-2-13.

The jurisdiction of a statutory court is defined by statute and cannot be extended by implication. *Boss* v. *Sprague,* 53 R. I. 1, 162 A. 710 (1932).

The Family Court is a statutory tribunal whose jurisdiction is limited to that expressly stated in the statute or transferred to it from other tribunals. *Glodis* v. *Glodis,* 115 R. I. 370, 346 A.2d 123 (1975); *Rogers* v. *Rogers* and *State* v. *Zittel,* both *supra.*

Powers of Family Court are found in §8-10-3 and if not contained therein the court is powerless to act. *Rogers* v. *Rogers, supra; White* v. *White,* 70 R. I. 48, 36 A.2d 661 (1944).

Nothing in the legislation fixing the Family Court's jurisdiction, G. L. 1956 (1969 Reenactment) §8-10-3, as

amended, or elsewhere in the statutes, grants the court either exclusive authority or coextensive authority with the Superior Court over express trusts or the authority to interpret wills or trusts. Where the court has not been granted general equity power, being authorized to act as a court of equity only in certain cases and classes of cases, the rule of strict construction applies, insofar as the ascertainment of the range of jurisdiction is concerned. 27 Am.Jur.2d *Equity* §6 (1966); *Jones* v. *Newhall,* 115 Mass. 244 (1874); *Dwight* v. *Pomeroy,* 17 Mass. 303 (1821); *King* v. *Brigham,* 23 Ore. 262, 31 P. 601 (1892).

If the Legislature intended to place jurisdiction over express trusts and their interpretation in the Family Court, it would have been a simple matter to explicitly say so. At the same time it would have been a simple matter to divest the Superior Court of such jurisdiction. The Legislature did neither. It is reasonable to conclude that the Legislature did not intend to confer jurisdiction over express trusts to the Family Court. In the absence of a clear legislative intent to the contrary, such jurisdiction cannot be inferred.

For the reasons stated it is therefore our opinion that jurisdiction over the trustee in the circumstances of the present controversy is in the Superior Court and not in the Family Court.

The petition for certiorari is granted, the decision of the Family Court denying the respondent's motion to dismiss is quashed and the case is remanded to the Family Court for entry of a decree granting the respondent's motion to dismiss the petition.

332

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.

*Adolph N. Anderson, Jr.,* for Industrial National Bank of Rhode Island, Trustee.

*Edwards & Angell, John Fenn Brill, John H. Blish,* for Rhode Island Bankers Association, Amicus Curiae.