Olga PEZZA,

v.

Anthony PEZZA, Jr., et al.

No. 89–218–Appeal.

Supreme Court of Rhode Island.

March 22, 1990.

Henry M. Swan, Davis, Jenckes, Kilmarx & Swan, Inc., Providence, for plaintiff.

Michael H. Felduhn, Wistow & Barylick, Inc. and Guy Wells, Providence, for defendants.

## OPINION

PER CURIAM.

The plaintiff, Olga Pezza, appeals from a Family Court judgment granting the motion of the defendant, Michael A. Pezza, to dismiss an amended complaint filed by the plaintiff for lack of subject-matter jurisdiction. The plaintiff was ordered to appear before this court to show cause why her appeal should not be summarily denied and dismissed.[1] On November 17, 1986, Olga Pezza filed a complaint for divorce in Family Court against Anthony Pezza, Jr. (Anthony Pezza). On June 23, 1988, she filed an amended complaint and served Michael A. Pezza, the son of Anthony Pezza, Jr., from a prior marriage, with a summons and the amended complaint naming him as an additional defendant.

Count 1 of the amended complaint incorporated the original complaint for divorce, and count 2 contested the validity of an irrevocable express trust created by Anthony Pezza over which Michael Pezza serves as trustee. The trust was established by Anthony Pezza in December 1983. In June 1986 this trust was made irrevocable by an express written amendment, and Michael Pezza was named as the successor trustee. The plaintiff contended in the amended complaint that defendant Anthony Pezza made his trust irrevocable "in an effort to circumvent the laws of domestic relations of the State of Rhode Island and in an unworthy effort to cheat the Plaintiff." The plaintiff asked the Family Court to declare the trust to be null and void and of no legal force and effect.

The defendant Michael Pezza filed a motion with the Family Court on January 31, 1989, to dismiss the amended complaint for lack of subject-matter jurisdiction over the trust and over Michael Pezza in his capacity as trustee. The motion was heard in Family Court on February 15, 1989, and a decision was rendered March 30, 1989, granting defendant Michael Pezza's motion. An order was subsequently issued dismissing count 2 of the amended complaint and dismissing the amended complaint in its entirety regarding defendant Michael Pezza. A notice of appeal was filed with this court on April 14, 1989, and

---

1. This matter does not come before us on a petition for certiorari. The appeal of the Family Court's adjudication of this pretrial motion comes before us pursuant to G.L.1956 (1981 Reenactment) § 14–1–52(a), as amended by P.L. 1981, ch. 329, § 1.

accordingly, plaintiff was ordered to show cause on November 2, 1989.

General Laws 1956 (1985 Reenactment) § 8–10–3(a), as amended by P.L.1988, ch. 84, § 7 delineates the jurisdiction of the Family Court:

"[T]o hear and determine all petitions for divorce from the bond of marriage and from bed and board * * * and other matters arising out of petitions and motions relative to real and personal property in aid thereof, including, but not limited to, partitions, accountings, receiverships, sequestration of assets, resulting and constructive trust, impressions of trust, and such other equitable matters arising out of the family relationship, wherein jurisdiction is acquired by the court by the filing of petitions for divorce, bed and board and separate maintenance * * * enforcement of any order or decree granting alimony and/or child support."

In his argument that the amended complaint should be dismissed, defendant Michael Pezza relied on the language of this statute and our decision in *Concannon v. Concannon*, 116 R.I. 323, 356 A.2d 487 (1976).

The *Concannon* case was factually somewhat similar to the instant case. It involved the issue whether the Family Court had jurisdiction over a trust, established by the mother of the husband involved in the divorce, and over the trustee, who had been directed to pay the income of the trust to the husband according to the terms of the mother's will. We pointed out that the Family Court is a statutory court of special jurisdiction over specific matters as set forth in § 8–10–3. *Concannon*, 116 R.I. at 328, 356 A.2d at 491. Consequently we held that § 8–10–3 contained no language expressly conferring on the Family Court either original or concurrent jurisdiction over express trusts. 116 R.I. at 329–30, 356 A.2d at 491. The Family Court justice relied primarily on the holding in *Concannon* when he granted defendant's motion.

We find that the Family Court justice was correct in his decision to dismiss the case against defendant Michael Pezza, the trustee of the trust, a third party who is not related to the divorce matter. We agree with the Family Court that it has no jurisdiction to advise and direct the trustee regarding the management of the trust. *See Concannon*, 116 R.I. at 328, 356 A.2d at 491. However, we are reversing the Family Court regarding its jurisdiction over the express trust. The broad language in *Concannon* appears to have been limited by our remarks in *Cardenas v. Cardenas*, 478 A.2d 968 (R.I.1984). In *Cardenas* we noted that recent amendments substantially increased the jurisdiction of the Family Court to the extent that its jurisdiction was sufficiently broad to include the power to reach and apply assets in the hands of a third person in the implementation of an order for support. *Id.* at 970. In a previous case, *Brierly v. Brierly*, 431 A.2d 410, 416 (R.I.1981), we held that the Family Court did have the authority to establish a lien against a party for the purpose of securing the performance of an award of alimony or child support. In light of our decisions in these cases and given the broad language in § 8–10–3, we choose to include the interpretation of this trust as within the Family Court's jurisdiction.

Although the cases we cited above do not involve express trusts and although express trusts are not specifically mentioned in § 8–10–3, the statute does confer broad jurisdiction over "other equitable matters arising out of the family relationship, wherein jurisdiction is acquired by the court by the filing of petitions for divorce * * * enforcement of any order or decree granting alimony and/or child support." Section 8–10–3(a). In *Brierly* we emphasized that "[i]n construing this statute, we have determined that the Family Court does have 'the power * * * to take necessary steps in aid of its divorce jurisdiction to the end that the wife and children might be awarded appropriate amounts for alimony and support and that the estate of the husband could be secured for the performance of any such award.'" *Brierly*, 431 A.2d at 416 (quoting *Rogers v. Rogers*, 98 R.I. 263, 269, 201 A.2d 140, 144 (1964)).

We would like to point out that there is a crucial difference between the *Concannon* case and the case at hand. In the *Concannon* case the trust in question had been created by a third party, and there was no question regarding the validity of the trust. In the instant case the trust was created by a party to the divorce and may involve a fraudulent transfer to a trustee in violation of the other spouse's rights.

We therefore read into the statute that the Family Court has jurisdiction over an express trust such as the one in question as a necessary adjunct of its power to adjudicate a divorce. The Family Court must have jurisdiction to set aside a trust established by a marriage partner if it appears that the trust was created with the intent to keep assets from the other marriage partner, and the court should be able to order payments from such a trust to implement an order for support.

For the reasons stated above, the plaintiff's appeal is sustained in part and denied in part. The judgment appealed from insofar as it applies to Michael Pezza is affirmed. The judgment regarding the Family Court's jurisdiction over the express trust is vacated, and the case is remanded to the Family Court for further proceedings.

WEISBERGER and MURRAY, JJ., did not participate.