DECISION
Before this Court is a request for declaratory relief by the estate of William Pavao and Patricia R. Reynolds (plaintiffs). The plaintiffs ask this Court to declare that the property at 142 Transit Street in Providence, Rhode Island has been held in trust pursuant to the terms of a deed conveyed to Conceicao Pavao by Maximiano Rebello dated August 21, 1941 and recorded November 3, 1941. The plaintiffs also ask this Court to determine the interests of all of the parties in and to the property at 142 Transit Street in Providence, Rhode Island, and then to order a partition and sale of the aforesaid premises with each of the parties to receive his or her respective distribution of those proceeds. Furthermore, the plaintiffs also ask this Court to order the payment of attorney's fees and costs for this action from the proceeds of the aforesaid sale. Jurisdiction is pursuant to R.I.G.L. 1956 (1985 Reenactment) § 9-30-1 et seq.
Facts
The parties have stipulated to the following facts. On July 23, 1930, Conceicao Pavao and her husband, Guilherme Pavao, took title to the premises located at 142 Transit Street in Providence, Rhode Island as joint tenants. See Exhibit A. Guilherme Pavao died on May 9, 1939. On August 21, 1941, Conceicao Pavao conveyed her interest in 142 Transit Street to Maximiano P. Rebello. See Exhibit B. On August 21, 1941, Maximiano P. Rebello then conveyed the property back to Conceicao Pavao for life, and upon her death to Joseph Pavao in trust, for the use of the three children of Conceicao Pavao; Joseph Pavao, William Pavao, and Maria Pavao Nardozza (sometimes known as Nardozzo). See Exhibit C and The Agreed Statement of Facts.
The deed provided that Joseph Pavao, the trustee, had,
 "Full power and authority to manage, control, sell, mortgage, or otherwise dispose of it [the property] without the previous consent or knowledge of said William Pavao, or Maria Pavao Nardozza as he, said Joseph Pavao, in his discretion sees fit to do with Quitclaim Covenants." Exhibit C.
In April and May of 1944 three deeds were recorded from Joseph Pavao, Maria Nardozza, and William Pavao purporting to convey the said property back to Conceicao Pavao. See Exhibits D, E, F. On February 18, 1948, Conceicao Pavao died testate. In her will, which was executed in June of 1941 but prior to the alleged trust of August 21, 1941, Conceicao Pavao provided that all real estate of which she may be seized be divided into thirds, one third each to William, Joseph, and to Joseph in trust for Maria with the authority for Joseph to continue as trustee for Maria's children. See Exhibit G. As trustee for Maria, Joseph had "full power and authority to manage, control, sell, mortgage or otherwise dispose of it [the property] without the previous consent or knowledge of my said daughter as in his said discretion will see fit to do." Exhibit G.
On October 31, 1949, both William Pavao and Maria Nardozza executed quitclaim deeds to the property to Joseph. These deeds were recorded on September 22, 1950. See Exhibits H and I. On May 22, 1950, a deed was executed by Maximiano P. Rebello purporting to convey to Joseph any interest he may have had in the property. This deed was recorded on September 22, 1950.
On February 28, 1953, Joseph individually transferred his interest in the real estate to Anne L. Madden. See Exhibit K. On the same date Anna L. Madden conveyed her interest in the real estate to Joseph and his wife Phyllis Pavao, as joint tenants.See Exhibit L. On January 7, 1981, Joseph died and his interest in the property vested in Phyllis Pavao as the surviving joint tenant.
Pursuant to the Uniform Declaratory Judgment Act, this Court has the power to construe for any interested person a question of construction arising from a deed. G.L. § 9-30-1, 9-30-2. Accordingly, the parties to this action have asked this Court to construe the language of the deed that was conveyed to Conceicao Pavao from Maximiano P. Rebello on August 21, 1941 and recorded on November 3, 1941. See Exhibit C.
The deed from Maximiano P. Rebello to Conceicao Pavao contains the following language.
 "I, Maximiano P. Rebello, of the City and County of Providence, State of Rhode Island, . . . grant to Conceicao Pavao, of the City, County, and State aforesaid, for and during the period of her natural lifetime only, and upon her decease to Joseph Pavao, also of said City of Providence, in trust nevertheless for the use of said Joseph Pavao, William Pavao, and Maria Pavao Nardozza, all of said Providence, and all being the children of said Conceicao Pavao, with full power and authority to manage, control, sell, mortgage or otherwise dispose of it without the previous consent or knowledge of said William Pavao or Maria Pavao Nardozza as he, said Joseph Pavao in his discretion sees fit to do with quitclaim covenants . . .
 And I hereby specifically provide that in case or in the event of the decease of either William Pavao or Maria Pavao Nardozza, that said Joseph Pavao be and he hereby is empowered and authorized to continue as trustee for the use and benefit of the children, if any, of said William Pavao and said Maria Pavao Nardozza, in the same manner as above provided." Exhibit C.
At issue is whether a conveyance of real estate by a deed that describes particular real estate, conveys a life estate to an individual, and simply states that the real estate is held "in trust for" beneficiaries upon the death of the holder of the life estate, and names a trustee, is sufficient for the establishment of a trust by the grantor of the real estate, and, if so, what is the effect of the conveyances by quitclaim deeds of the beneficiaries to the trustee, who is also a beneficiary.
A trust requires three basic elements: (1) a trust res; (2) fiduciary relationship between a trustee and a beneficiary requiring the trustee to deal with the trust res for the benefit of the beneficiary; and (3) the manifestation of an intent to create a trust. See 1 Restatement (Second), Trusts § 2; see also Concannon v. Concannon, 116 R.I. 323, 356 A.2d 487 at 491 (1976); Lux v. Lux, 109 R.I. 592, 288 A.2d 701 (1972). Furthermore, it is well-settled that "trusts in which no duties recognized as active are imposed on the trustee, or trusts which serve no purpose that could not equally be served without the trust, have been held to be simple, passive, or dry, and although the most express words of trust are used, no estate or interest passes to the trustee other than at most a mere naked legal title which may be terminated on application to the court by the [beneficiary]." 90 C.J.S. Trust § 178 (1955).
This Court finds that the deed conveyed to Conceicao Pavao dated August 21, 1941 and recorded November 3, 1941 describing the property at 142 Transit Street in Providence, Rhode Island constitutes a res. Furthermore, the deed says that Joseph Pavao was to have the property in trust upon the decease of Conceicao Pavao, for the use of Joseph Pavao, William Pavao, and Maria Nardozza. Thus the Court finds that a fiduciary relationship between a trustee and the beneficiaries existed, requiring Joseph Pavao to manage the trust res for the benefit of himself, Maria Nardozza, and William Pavao. In addition, this Court finds that the express language in the deed conveyed to Conceicao Pavao manifests an intent to create a trust. Accordingly, this Court finds that there was at one time a trust for the property at 142 Transit Street in Providence, Rhode Island pursuant to the deed conveyed to Conceicao Pavao dated August 21, 1941 and recorded November 3, 1941
This Court must next address whether the trust was revoked by the three quitclaim deeds of Joseph Pavao, Maria Nardozza and William Pavao conveying each of their interests in said property back to Conceicao Pavao. This Court is mindful that the general principles of trust construction require an express reservation of the right to modify, amend, or revoke a trust. See 2Restatement (Second), Trusts § 332. An exception to this rule is in cases where the settlor mistakenly omitted the power to revoke the trust. See 2 Restatement (Second), Trusts § 332. In the case at bar there were no reservations of the right to revoke the trust, nor is there anything to indicate that it was mistakenly omitted. Thus the effect of the three quitclaim deeds is dependent upon whether Joseph's, Maria's or William's interest had vested at the time of the purported conveyance book to Conceicao Pavao in April and May of 1944. As a general rule, a remainder to be distributed to a class of beneficiaries at the termination of a life estate vests upon the creation of the trust or as soon thereafter as a remainder comes into existence. SeeSchapira v. Connecticut Bank and Trust Co., 528 A.2d 367 (Conn. 1987) (citing Hartford National Bank Trust Co. v. Von Ziegesar,154 Conn. 352, 358, 225 A.2d 811 (1966). This preference in favor of early vesting is only a rule of construction, however, and must give way to a contrary intent disclosed in the trust instrument. Id., 358-59, 225 A.2d 811.
According to the language of the 1941 deed this trust did not exist until Conceicao Pavao died. Therefore the interests did not vest at the time Maria, Joseph, and William purported to convey each of their interest in 142 Transit Street back to Conceicao Pavao in April and May of 1944. Thus the three deeds of Maria Nardozza, Joseph Pavao, and William Pavao, purporting to convey each of their respective interest in 142 Transit Street back to Conceicao Pavao are void because at the time of conveyance they did not have a vested interest to convey, causing the trust to be extant in 1944.
Upon the death of Conceicao Pavao, William, Joseph and Maria each had a vested interest in 142 Transit Street, while Joseph also served as the trustee. Again this Court notes that as a general rule, a remainder to be distributed to a class of beneficiaries at the termination of a life estate vests upon the creation of the trust. Schapira v. Connecticut Bank and TrustCo., 528 A.2d 367 (Conn. 1987). Therefore the express trust for the benefit of Conceicao's grandchildren under the deed clearly failed, and William Pavao, Joseph Pavao, and Maria Nardozza were the only beneficiaries.
Another issue is the effect of the quitclaim deeds of Maria Nardozza and William Pavao to Joseph Pavao, a beneficiary and trustee. It is well-settled that if there are several beneficiaries and all of them transfer their interest to the trustee, the trust terminates. See 2 Restatement (Second), Trusts § 343. Furthermore, the doctrine of merger also provides that a trust will terminate when full legal title and the total beneficial interest is held by one person. See 2 Restatement
(Second) Trusts, § 341. Accordingly, this Court finds that the two quitclaim deeds from Maria Nardozza and William Pavao to Joseph Pavao that were executed on October 31, 1949 and recorded on September 22, 1950 effectively terminated the trust created by the 1941 deed and gave Joseph Pavao the entire beneficial interest in the trust property as well as title thereto.
Accordingly, this Court declares that pursuant to the clear, unambiguous language of the 1941 deed to Conceicao Pavao, as well as the language of the deeds to Joseph Pavao that were executed by Maria Nardozza and William Pavao on October 31, 1949 and recorded on September 22, 1950, the 1941 trust concerning the property at 142 Transit Street in Providence, Rhode Island was terminated in 1950; consequently the property has not been held in trust. Joseph Pavao had the entire beneficial interest in the trust property as well as title thereto; as a result only the estate of Phyllis V. Pavao has an interest in the property at 142 Transit Street in Providence. Also, pursuant to G.L. 1956 (1985 Reenactment) § 9-30-10, costs and attorney fees are denied to all parties.
Counsel shall prepare the appropriate judgment for entry.