## In re TORYN C.

### No. 2007–294–Appeal.

Supreme Court of Rhode Island.

Nov. 6, 2009.

Steven A. Robinson, Esq., Cranston, for Plaintiff.

Daniel Cabral, Defendant Pro Se.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## OPINION

Chief Justice SUTTELL, for the Court.

Diamantina Sousa Andrade and Christopher Andrade, the petitioners, appeal from a Family Court order dismissing their petition for adoption. The petition concerned Toryn C, the biological daughter of Mrs. Andrade and the stepdaughter of Mr. Andrade. The petitioners seek to terminate the parental rights of Toryn's biological father, Daniel Cabral, thus enabling Mr. Andrade to legally adopt her. The chief judge of the Family Court dismissed the petition for lack of jurisdiction because

both the petitioners are residents of the Commonwealth of Massachusetts.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not summarily be decided. After considering the submissions of petitioners, we are of the opinion that cause has not been shown and that the case may be decided without the. necessity of further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Family Court.

## I

### Facts and Procedural History

According to Mrs. Andrade, she and Toryn lived continuously in Rhode Island from the date of Toryn's birth in 1993 through March 2005. On March 7, 2005, Mrs. Andrade filed a miscellaneous complaint for custody and allowances against Mr. Cabral, and on June 9, 2005, the Family Court entered an order granting her sole custody of Toryn. Sometime after her marriage to Mr. Andrade, she and Toryn moved to Rehoboth, Massachusetts, where the family continues to reside.

The Andrades first attempted to file a petition for adoption on April 4, 2007. The petition and related documents were returned to them, however, together with a letter from the supervisory clerk of the Family Court stating that the "Chief Judge * * * deems that we do not have jurisdiction." On May 14, 2007, they refiled their petition, which was accepted by the clerk's office. The record also indicates that Mr. Cabral was served personally at his residence in Providence on May 23, 2007.[1]

---

1. Mr. Cabral never responded to any of the pleadings filed in the Family Court, nor has he filed a counter-statement under Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. He was defaulted by this Court on January 20, 2009.

The petitioners also filed a motion to recuse, seeking to prevent the chief judge from presiding at the hearing on the petition. The Andrades contended that the chief judge had "prejudged" the jurisdictional question because he already had expressed his opinion on the issue when they originally attempted to file the petition.

The chief judge held a hearing on the petition on June 13, 2007. He first noted that petitioners were correct in arguing that the Family Court clerk had no authority to reject the petition, stating that "[i]t's up to a judge to make the determination whether the petition is appropriate or not." After a brief colloquy, the chief judge stated that G.L. 1956 § 15–7–4 permits the Family Court to consider petitions for adoption filed by a "person residing in Rhode Island." He concluded that, because petitioners were both residents of Massachusetts, the Family Court had no jurisdiction to consider their petition. An order was entered the same day dismissing the petition for lack of jurisdiction. The petitioners timely filed a notice of appeal.

On appeal, the Andrades argue that the Family Court has jurisdiction over the petition because (1) Toryn's biological father, whose parental rights would be determined in the course of the adoption proceeding, is a resident of Rhode Island; (2) the Family Court has some form of continuing jurisdiction over the adoption petition because it previously adjudicated Mrs. Andrade's complaint for custody and allowances; and (3) under certain circumstances, § 15–7–4 allows nonresidents to petition for adoption.

## II

### Standard of Review

The relevant portions of § 15–7–4 provide as follows:

"(a) Any person residing in Rhode Island may petition the [F]amily [C]ourt for leave to adopt * * *.

" * * *

"(c) Any person not a resident of Rhode Island may petition the [F]amily [C]ourt for leave to adopt * * * if the child is at the time of the filing of the petition in the care and custody of a governmental child placing agency, or licensed Rhode Island child placing agency * * *."

This Court reviews questions of statutory construction *de novo*. *In re Tamika R.,* 973 A.2d 547, 550 (R.I.2009). "[W]hen the language of a statute is clear and unambiguous, [this Court] must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *State v. LaRoche,* 925 A.2d 885, 887 (R.I. 2007) (quoting *State v. Oliveira,* 882 A.2d 1097, 1110 (R.I.2005)). When interpreting a statute, however, this Court's "ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Hanley v. State,* 837 A.2d 707, 711 (R.I.2003) (quoting *Oliveira v. Lombardi,* 794 A.2d 453, 457 (R.I.2002)).

## III

### Discussion

We discern no ambiguity in the language of § 15–7–4(a). The General Assembly has not vested jurisdiction in the Family Court over adoption petitions filed by nonresidents unless the child sought to be adopted is in the care and custody of a government child-placing agency as provided in § 15–7–4(c). The petitioners concede that they have been residents of Massachusetts at all times relevant to the petition under review, thus precluding Family Court jurisdiction under § 15–7–4(a). Nor do they dispute that Toryn has been in the continuous custody of her mother and has never been in the care

and custody of a Rhode Island agency, thus precluding Family Court jurisdiction under § 15–7–4(c). The fact that Toryn's biological father is a resident of Rhode Island has no bearing on the question of the Family Court's jurisdiction under the statutory scheme. Moreover, the petition for adoption is an entirely separate proceeding from Mrs. Andrade's previous complaint for custody and allowances. The fact that the Family Court may continue to exercise jurisdiction with respect to issues of custody and support does not confer upon the Family Court jurisdiction to entertain an adoption petition. Whereas, Mrs. Andrade's previous action fell within the jurisdiction of the Family Court, the instant petition does not.

 As we have previously noted, the Family Court is a legislatively created court of limited jurisdiction. *See Pierce v. Pierce*, 770 A.2d 867, 870 (R.I.2001) (citing *Furia v. Furia*, 638 A.2d 548, 552 (R.I. 1994)). In the absence of statutory language expressly conferring original or concurrent jurisdiction on the Family Court, such jurisdiction cannot be inferred. *Concannon v. Concannon*, 116 R.I. 323, 328–30, 356 A.2d 487, 491 (1976). The facts of this case clearly place the Andrades' petition outside the jurisdiction of the Family Court as delimited in § 15–7–4.

The petitioners' reliance on this Court's decision in *In re Jeramie N.*, 688 A.2d 825 (R.I.1997), is unavailing. In that case, this Court allowed the Family Court to consider a petition for adoption filed by two nonresidents. *Id.* at 830. We specifically noted, however, that "[w]e decline * * * to apply our holding [in *Jeramie N.*] to other cases at this time. Our holding is limited

to the statute as applied in this case." *Id.* That case presented a unique situation that has little bearing on the instant matter. We are satisfied that in the case under review the chief judge correctly ruled that the Family Court was without jurisdiction to hear the Andrades' adoption petition.[2]

## IV

### Conclusion

For the reasons set forth in this opinion, the order of the Family Court is affirmed. The papers in this case may be returned to the Family Court.

---

2. To the extent petitioners suggest a constitutional infirmity in the Family Court proceedings, the issue clearly has been waived. They did not present a due-process or equal-protection argument to the Family Court and, at best, the issue has been only obliquely raised in their Rule 12A statement. Moreover, notice was not given to the Attorney General as required by Rule 24(d) of the Family Court Rules of Procedure for Domestic Relations.